(38 Misc. Rep. 427.)

## FAY v. SUPREME TENT OF KNIGHTS OF THE MACCABEES OF THE WORLD.

(Supreme Court, Special Term, Albany County. July, 1902.)

**1. BENEFICIAL ASSOCIATIONS—SUSPENSION OF MEMBER.**

The by-laws of a beneficial order provided that a member who was accused of having become intemperate after joining the order should, before the suspension, have full opportunity for defense, and that he might be represented by counsel. *Held,* that a suspension amounting to an expulsion was illegal where it was made without notice to the member of the hearing, and where his appeals to the higher courts of the order were determined by them without any notice to him of the hearings.

Action by Edward F. Fay against the Supreme Tent of the Knights of the Maccabees of the World. Judgment for plaintiff.

The defendant is a foreign corporation. Its objects are to provide for death, sick and accident disability benefits; to give moral and material aid to its members; to create a fund for the relief of sick and distressed members, and for payment to their dependents upon their death. It has power to establish subordinate tents except in the state of Michigan, and in pursuance of such powers it established a subordinate tent, known as the "Ft. Orange Tent, No. 505," in the city of Albany, state of New York. The plaintiff was made a member of such tent, and became entitled to all the privileges of full membership, and the defendant issued to him a certificate for $500, payable to his wife upon his death. One of the by-laws of the defendant provides that: "The board of trustees shall have power to suspend a beneficial member from all the benefits of the order whenever it appears by a complaint made by any member of the order in good standing, duly verified, or by the commander of a subordinate tent, that such member * * * may after his admission become addicted to the intemperate use of intoxicating liquors, or shall become addicted to the use of opium or narcotics, or form habits which may injure his health or injure the life of such member. * * * Such suspension, however, shall not be binding on the member complained against unless the party complaining shall, by evidence, satisfy the board of trustees that such complaint has foundation, which he must do within thirty days from the date of the complaint. The board of trustees may reinstate a member so suspended if at any time thereafter it may appear to the board that the cause of such suspension has been removed." In the month of September, 1898, the commander of such Ft. Orange tent made a complaint in writing, to the board of trustees of the defendant, that the plaintiff had "become addicted to the intemperate use of intoxicating liquors to such an extent as to be frequently and grossly intoxicated, rendering him at such times sick and disabled"; and demanded his suspension, and that he be notified to appear and show cause before such board of trustees, at such time and place as they might fix, "and answer such charges and specifications, and that he be dealt with as the laws of the defendant provide." Within thirty days after the filing of such complaint, an affidavit signed by three members was filed with the board of trustees, to the effect that such charges were true. The board of trustees, at a regular meeting, suspended the plaintiff from the benefits of membership. After such suspension, the defendant caused a notice thereof to be sent to the plaintiff. About the 21st day of November, 1898, the plaintiff received from the defendant a notification dated November 18, 1898, that he had been suspended by the board of trustees of the defendant. The by-laws of the defendant provide that: "The great commanders of the five great camps * * * are hereby constituted a court of appeal, to which any member, tent, great camp, or claimant, under a certificate of membership,

¶ 1. See Beneficial Associations, vol. 6, Cent. Dig. § 14; Insurance, vol. 28, Cent. Dig. § 1835.

feeling aggrieved by any action of the board of trustees of the supreme tent, may take an appeal. All such appeals· must be filed with the supreme record keeper within thirty days from the date of notice of the action appealed from. * * * Its decisions in all matters of discipline shall be final, but in all other cases an appeal may be taken to the supreme tent from its decisions, within the same time and in the same manner as is now provided in these laws for taking appeals to the supreme tent from the action of the board of trustees. * * * The court of appeals shall hold one of its meetings during the year that the supreme tent shall hold its regular review, not more than sixty nor less than thirty days previous to said supreme tent review, for the purpose of disposing of any pending appeals." The plaintiff took an appeal to the said court of appeals, and the said court of appeals, on January 20, 1899, affirmed the decision of the board of trustees. The plaintiff then appealed to the supreme tent on the 29th day of January, 1899. The receipt of his appeal was acknowledged on the 2d day of February, 1899, and he was notified that his notice of appeal would be filed and referred to the supreme tent the following July. The appeal was thereafter considered by the supreme tent at its meeting held at Port Huron, Mich., from July 18th to July 22d, and the decision already made was affirmed by said tent. One of the laws of the defendant is that the supreme tent "possesses the right and power * * * of deciding all questions arising out of its laws and rules of the order"; and another is: "It shall have the power when an appeal is made under the laws of the order, from the action or findings of the board of trustees, to decide as to the validity of death claims, or any other claim which a member or beneficiary of a member may have against it, and its decisions shall be final and binding upon every member and their beneficiaries, and no suit at law or in equity shall be commenced or maintained by any member or beneficiary against the supreme tent." Another provision is as follows: "It [the board of trustees] shall hear and determine all cases of appeal which shall be submitted to it from the decisions of the supreme commander; but in every case of trial the accused shall have full opportunity afforded for defense, except as otherwise provided, and may be represented by counsel." No notice of the charges made against him or of any hearing thereon or of any hearing upon any of his appeals was given, except as herein set forth. The plaintiff brings this action to have his suspension from membership, and from all rights in the defendant association, declared illegal and void, and to have the defendant, its members and officers, enjoined and restrained from asserting such suspension against the plaintiff, and from excluding him from the privileges of such society and its subordinate tents, and from the privilege of attending or voting at any elections or meetings of said Fort Orange tent, No. 505, and for damages.

Harold D. Alexander, for plaintiff.
Love & Quackenbush, for defendant.

HERRICK, J.   While the proceedings taken against the plaintiff resulted in what is called "suspension," it was practically an expulsion, because by it he was deprived of all rights, privileges, and benefits of membership in the defendant, including the right to recover upon the policy or certificate taken out by him.

"When an individual joins an incorporated club or legally organized body with power to make laws and rules for its own government, and for the regulation of the conduct of its members, the member ·becomes bound by those laws and rules, and a decision by the body or a duly constituted committee proceeding according to judicial forms touching his rights or relations as a member, is binding upon the courts." Baxter v. McDonnell, 155 N. Y. 83–101, 49 N. E. 667, 40 L. R. A. 670.

While a member of an incorporated club or of a voluntary association legally organized is undoubtedly bound by its rules for its own

government and the regulation of the conduct of its members, and by the decisions of the body authorized by such rules and regulations to make decisions, still those rules and regulations must be reasonable rules and regulations, and must provide for justice and fair dealing between its members. If they provide anything else, they are of no force or effect; if they fail to provide for justice or fair dealing between the members, the common law supplies the defect.

"Voluntary bodies of this kind will be held to the fair and honest administration of the rules which are in force when any proceeding is instituted against a member; but where a member is expelled in conformity with the rules, and the proceedings are regular and in good faith, it is final, and no judicial tribunal can interfere." White v. Brownell, 2 Daly, 329, approved in Lewis v. Wilson, 121 N. Y. 288, 24 N. E. 474.

Such proceedings to be regular, and to conform to judicial forms, must provide for notice and an opportunity to be heard, because "it is well settled that an association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the person charged, or without giving him an opportunity to be heard." Wachtel v. Society, 84 N. Y. 28, 38 Am. Rep. 478. This is a fundamental principle of justice. People v. New York Produce Exchange, 149 N. Y. 401–409, 44 N. E. 84; Lewis v. Wilson, 121 N. Y. 284, 24 N. E. 474. It will be observed from the statement of facts that the rules of the defendant provide that "in every case of trial the accused shall have full opportunity afforded for defense, except as otherwise provided, and may be represented by counsel"; and no case is pointed out when he is not entitled to full opportunity for defense. It will be further observed that when the commander made his charge against the plaintiff he coupled with it a request or direction that he be notified to appear and show cause, before the board of trustees, at such time and place as they might fix, and answer such charge and specifications; thereby recognizing the force and application of the rule referred to. Instead of giving him notice of such charges, and fixing a time and place for a hearing thereon, they proceeded against him without notice until after the charges had been acted upon. Then the charges, together with the action of the board of trustees thereon, were all sent to the plaintiff at the same time. Later he received an official notice that he had been suspended. When he took an appeal to the court of appeals of the association, no notice of the hearing upon such appeal was given to him; the only notice was that the decision of the board of trustees had been affirmed. When he took an appeal to the court of last resort of the association, the only notice that was given to him was that it "would be filed and referred to the supreme tent next July." While he might ascertain by other means where that hearing was to be held, and at what time in July it was to be held, it was not a notice such as justice and fair dealing require; the only other notice received by him was the notification of the decision made. The defendant has failed to comply with its own rules for the trial of its members; it has violated a fundamental principle of justice by attempting to deprive one of its members of rights and privileges without giving him an opportunity to be heard.

I refrain from discussing the affidavit upon which the charges were sustained, because, for the reasons already given, it seems to me that the proceedings of the defendant were illegal and void, and that the plaintiff is entitled to the relief demanded by him in his complaint. Ordered accordingly.