(No. 12243.—Reversed and remanded.)

ARTHUR L. BLUNT, Appellant, *vs.* FRANCIS W. SHEPARDSON *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. PHYSICIANS—*authority to revoke license to practice medicine is not arbitrary.* The power given by the civil administrative code to the department of registration and education to revoke a license to practice medicine is not arbitrary, and the department cannot act except for cause shown, upon notice and hearing and with an opportunity to defend.

2. SAME—*what is necessary to exercise of power to revoke license.* The power of the department of registration and education to revoke the license of a medical practitioner cannot be exercised except upon the action and report in writing of a majority of the five reputable physicians licensed to practice medicine and surgery in Illinois designated by the director of registration and education for that purpose.

3. SAME—*evidence of granting or revoking license cannot rest in parol.* The evidence of the granting or revoking of a license to practice medicine cannot rest in parol but the record must be preserved, and it is essential to the validity of an order revoking a license that it shall show the facts essential to the jurisdiction of the department of registration and education.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

HOPE THOMPSON, for appellant.

EDWARD J. BRUNDAGE, Attorney General, JAMES H. WILKERSON, W. C. MOODY, and CHESTER W. CHURCH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On March 14, 1918, Arthur L. Blunt filed a petition in the circuit court of Cook county alleging that he was, and had been for twenty-five years, a resident of the city of Chicago, in Cook county; that on April 3, 1888, a license was issued to him by the State board of health authorizing him to practice medicine in this State under the provisions of the Medical Practice act then in force; that from that time until February 7, 1918, he continuously practiced medicine in the city of Chicago; that on January 10, 1918, he received a letter signed by Francis W. Shepardson, Director of Registration and Education, under the seal of the department, addressed to him, as follows:

"Sir—On account of reports which have reached this department of unprofessional conduct on your part, a hearing is hereby appointed for Friday, January 18, 1918, at eleven o'clock, in room 1201, People's Life Insurance Building, Randolph and Wells streets, Chicago, at which time you will be given opportunity to show cause why your license to practice medicine in the State of Illinois should not be revoked."

He went to the place mentioned at the hour stated and there asked of the clerk in charge of the outer office what definite charges had been made against him. The clerk answered that he could give no information on the matter but that information would be given to the petitioner when he was called into the private office of the director of the department of registration and education. While waiting the petitioner inquired of F. C. Dodds, the superintendent of registration, what definite charges had been made against the petitioner and on what charges he was to be given a hearing, but was answered that the information on the matter would be given to him after he had been called into the inner office. Petitioner soon afterward was called and entered the inner office, where he found six or seven persons whose names were and are unknown to him, except that one was F. C. Dodds and another Francis W. Shepardson. After petitioner was seated Shepardson said to

him: "Dr. Blunt, it has been reported to this board that on December 7, 1917, you were found guilty in the Federal court for this district of violating the Harrison Drug act and were sentenced to five years in the penitentiary and to pay a fine of $12,000. What have you to say regarding this charge?" Petitioner replied that a verdict had been rendered and sentence imposed by the court, as stated, but that he had applied for and been granted a writ of error in the United States circuit court of appeals and an order of *supersedeas* had been entered and that the matter was now pending in the circuit court of appeals; that he had not violated any law of the State of Illinois and felt assured that upon a hearing in the United States circuit court of appeals the verdict of the jury in that matter would be set aside and that the court would find and declare the petitioner had not violated any laws of the United States. Thereupon a few casual inquiries were made of petitioner regarding his practice of medicine in Chicago but no charges of any kind were presented other than as stated. The petitioner did not at any time receive any written statement advising him of the charges against him, and the foregoing statement constitutes the entire facts connected with the pretended hearing given him by the department of registration and education. This pretended hearing lasted only a few minutes and petitioner was thereupon directed to depart, and the statement was made that the matter would be taken under advisement. The petitioner heard nothing further of the matter until February 7, 1918, when he received the following notice:

*"Dr. Arthur L. Blunt, 9 West Harrison Street, Chicago, Illinois.*

"SIR—Under the authority vested in me by section 4 of the civil administrative code of the State of Illinois, and in accordance with the provisions of section 18 of the Medical Practice act of Illinois, license No. 8188, issued to you by the State board of health on April 3, 1888, entitling you to practice medicine and surgery in the State of Illinois, is hereby formally revoked.

"Yours very truly,

FRANCIS W. SHEPARDSON, *Director."* [Seal.]

The petition further states that in attempting to revoke the petitioner's license to practice medicine the department of registration and education and Francis W. Shepardson, director thereof, acted without authority, illegally and without due process of law, and sets forth the claim of the petitioner in regard to the unconstitutionality of certain provisions of the civil administrative code of Illinois, and certain sections thereof, in regard to the power of the department of registration and education, and also the unconstitutionality of section 18 of the Medical Practice act, and states various reasons why the attempted revocation of petitioner's license was unjust, unlawful and without jurisdiction. Petitioner shows that the statute makes no provision for appealing or for a writ of error, and that there is no method other than by *certiorari* for the review of the action taken against him, and prays for the issuance of a writ of *certiorari* against the director of registration and education, the assistant director and the superintendent of registration. Respondents were served with notice of the petition, and on March 26 the cause was heard upon the application of the petitioner for a writ of *certiorari,* but the court denied the writ on the ground that it appeared from the petition that the department of registration and education had jurisdiction over the petitioner and the matters complained of in the petition and had proceeded regularly and in a manner prescribed by law, and that the petitioner failed to make an application for rehearing and therefore denied the petition. The petitioner has appealed to this court on the ground that constitutional questions are involved.

The briefs argue the questions of the constitutionality of certain provisions of the civil administrative code and the Medical Practice act, the jurisdiction of the department of registration and education and the regularity of the proceedings. We do not deem it proper to decide these questions upon the petition for a writ of *certiorari* without having the record of the proceeding complained of before us.

The power given by the civil administrative code to the department of registration and education to revoke a license to practice medicine is not arbitrary. The department can not act except for cause shown, upon notice and hearing and with an opportunity to defend. (*Klafter* v. *Examiners of Architects,* 259 Ill. 15; *People* v. *Apfelbaum,* 251 id. 18; *People* v. *McCoy,* 125 id. 289.) Its power to revoke the license of a medical practitioner cannot be exercised except upon the action and report in writing of a majority of the five reputable physicians licensed to practice medicine and surgery in this State designated from time to time by the director of registration and education for that purpose. According to the petition no such report in writing was ever made,—at least no notice was ever given to the petitioner. He was simply advised by the letter that reports of unprofessional conduct on his part had reached the board and told verbally that it had been reported to the board that he had been found guilty of violating the Harrison Drug act. There was no charge, no hearing, and the letter announcing the revocation of his license did not state for which of the reasons mentioned in the Medical Practice act his license had been revoked or whether for any or no reason. The evidence of the granting and revocation of licenses cannot rest in parol. The record must be preserved, and it is essential to the validity of an order revoking a license that it shall show the facts essential to the jurisdiction of the department. On the showing made by the petition the writ of *certiorari* should have been awarded to bring before the court the record of the proceedings of the department of registration and education.

The judgment is reversed and the cause remanded, with directions to the circuit court to award a writ of *certiorari* in accordance with the prayer of the petition.

*Reversed and remanded, with directions.*