(No. 12244.—Reversed and remanded.)

ISAAC W. HODGENS, Appellant, *vs.* FRANCIS W. SHEPARD-SON *et al.* Appellees.

*Opinion filed February 20, 1919.*

This case is controlled by the decision in *Blunt* v. *Shepardson,* 286 Ill. 84.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

HOPE THOMPSON, for appellant.

EDWARD J. BRUNDAGE, Attorney General, JAMES H. WILKERSON, W. C. MOODY, and CHESTER W. CHURCH, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

On March 1, 1918, Isaac W. Hodgens filed a petition in the circuit court of Cook county for a writ of *certiorari* to issue against the appellees, director, assistant director and superintendent, respectively, of the department of registration and education of the State of Illinois, alleging that the petitioner is a resident of the city of Chicago; that there was issued to the petitioner by the State Board of Health of Illinois a license numbered 16,515, authorizing the petitioner to practice medicine and surgery in the State

of Illinois; that on or about the 10th day of January, 1918, petitioner received from Francis W. Shepardson, director of the department of registration and education, a letter notifying petitioner to appear at eleven o'clock on January 18, 1918, at room 1201, People's Life Insurance building, at Randolph and Wells streets, Chicago, to show cause why said license to practice medicine should not be revoked; that petitioner appeared at the time and place set out in said notice and demanded of the clerk in charge of the outer office to know what definite charges had been made against the petitioner; that said clerk refused to give the information but told petitioner that such information would be given in the private office of Shepardson; that petitioner then inquired of F. C. Dodds, superintendent of said department, and was told that information on this matter would be given petitioner in the inner office; that the petitioner was later requested to, and did, enter the inner office; that there were there present Francis W. Shepardson, F. C. Dodds, L. C. Taylor, John A. Robinson, C. M. Cushing, Carl F. Black and H. O. Dwyer; that a certain conversation was had relative to the treatment of Dwyer, who had called upon the petitioner on December 15, representing himself as a reporter for the *Tribune* under the assumed name of Carl Meltzer, for the purpose of getting evidence as a foundation for a complaint to have petitioner's license revoked; that at said pretended hearing no witness was sworn and no evidence heard tending to sustain the charges presented; that no written charges were preferred against him; that thereafter, on February 7, 1918, the petitioner received a notice from Shepardson in substance as follows:

"*Sir*—Under the authority vested in me by section 4 of the civil administrative code of the State of Illinois and in accordance with the provisions of section 18 of the Medical Practice act of Illinois, license No. 16,515, issued to you by the State Board of Health on June 30, 1899, entitling you to practice medicine and surgery in the State of Illinois, is hereby formally revoked."

The petition further avers that the attempted revocation of the petitioner's license to practice medicine was illegal and without due process of law and contrary to the civil administrative code of Illinois and the so-called Medical Practice act of Illinois, and that each of these acts is unconstitutional, and the petitioner is thereby deprived of the means of livelihood and of his property without due process of law and is unlawfully interfered with in his private business and professional affairs; that the petitioner is not guilty of any conduct for which his license ought to be revoked. The petition further avers that Francis W. Shepardson, director of the department of registration and education, was without jurisdiction to cancel the petitioner's license; that his acts in so doing are unjust and unlawful; that the statute of Illinois makes no provision for an appeal from the decision of said department or said director, nor for the suing out of a writ of error of any court of the State of Illinois directed to said department, and prays for a writ of *certiorari* as at common law. The court denied the prayer of the petition and refused to issue the writ of *certiorari,* from which judgment appellant has prosecuted this appeal.

Errors are assigned and argued in this court questioning the constitutionality of certain provisions of the civil administrative code and the Medical Practice act, as well as the jurisdiction of the department of registration and education and the regularity of the proceedings of which the petitioner complains. All the questions arising in this case were passed upon by this court in the case of *Blunt* v. *Shepardson,* 286 Ill. 84, and the holding in that case governs the decision of this case.

The judgment of the circuit court will therefore be reversed and the cause remanded, with directions to award a writ of *certiorari* in accordance with the prayer of the petition.          *Reversed and remanded, with directions.*