STATE EX REL. HUGO L. BAEPLER v. STATE BOARD OF HEALTH OF MISSOURI ET AL., Appellants.—52 S. W. (2d) 743.

Division Two, August 29, 1932.

*Stratton Shartel,* Attorney-General, for appellants; *A. B. Lovan* of counsel.

*Curlee, Nortoni & Teasdale, J. Henry Caruthers* and *Oliver T. Remmers* for respondent.

HENWOOD, J.—The State Board of Health, sitting in the city of St. Louis, revoked the license of Hugo L. Baepler to practice medicine and surgery in this State, and on the application of Baepler, as relator below, the Circuit Court of the City of St. Louis issued a writ of *certiorari* whereby the State Board of Health and the members thereof, as respondents below, were directed to certify to that court a complete transcript of the record of the board relating to the revocation of said license. Upon a review of said record, the circuit court found that it does not show any notice to Baepler of the hearing at which his license was revoked, and, for that reason, quashed said record and restored said license. The case is here on an appeal from that judgment.

The record of the board's proceedings shows that, on February 1, 1921, the State Board of Health granted to Baepler a license to practice medicine and surgery in this State; that, on February 13, 1925, he was served with a notice to appear before the board on March 19, 1925, at the office of the Health Commissioner of St. Louis, and answer a complaint that he had obtained his license by fraudu-

lent statements and representations; that "the trial" on said complaint "was called" on April 1, 1925; that Baepler did not appear at "the trial," either in person or by an attorney; and that his license was revoked by order of the board on April 3, 1925. But, said record fails to show notice to Baepler that "the trial" on said complaint would be called on April 1, 1925, or on any day other than March 19, 1925.

In his application for a writ of *certiorari*, Baepler says he had no notice that the board would hear the complaint against him on April 1, 1925, or on any day other than March 19, 1925, when his attorney appeared; that he first learned of the board's order revoking his license on July 3, 1929; that immediately thereafter he petitioned the board to reinstate his license; and that, on July 24, 1929, the board denied his petition for reinstatement of his license. The record of the circuit court shows that he filed his application for a writ of *certiorari* on August 14, 1929.

I. Appellants contend that the circuit court was without authority to issue a writ of *certiorari* or to review and determine the merits of the proceedings of the State Board of Health, because Baepler did not apply for such writ within ninety days after the revocation of his license, as provided by Section 9120, Revised Statutes 1929 (Sec. 7336, R. S. 1919).

We ruled against this contention in State ex rel. Kerr et al. v. Landwehr, 32 S. W. (2d) 83, wherein the State Board of Health sought to prohibit the circuit court from exercising jurisdiction in this cause. The record now before us discloses no reason why our ruling on this contention in the prohibition proceeding should not be adhered to on this appeal; nor will we attempt now to improve upon what was said then in an opinion by DAVIS, C., which follows:

"I. Section 7336, Revised Statutes 1919, provides that, upon the revocation of physician's license, the writ of *certiorari* shall issue upon the petition of the person whose license shall be revoked to the circuit court or clerk in vacation at any time within ninety days after such revocation.

"*Ergo,* relator takes the position that the writ of prohibition lies because the circuit court (respondent) under the statute was without jurisdiction to issue the writ of *certiorari* for the reason that the application for it was made more than ninety days after the state board of health revoked the license of Dr. Baepler to practice medicine and surgery.

"Respondent takes the position that the issuance of a writ of *certiorari*, under Section 23, Article 6, of the Constitution, is within the sound discretion of the circuit court, where the determination

sought to be reviewed was made without jurisdiction and has not been carried into effect, and the delay has resulted in no detriment.

"While it is the general rule that *certiorari* must be applied for within a reasonable time, and that generally a reasonable time is governed by analogy to the limitation on writs of error and appeals (11 C. J. 146), we think it is evident from the record that the delay, in applying to the circuit court for a writ of *certiorari*, has not resulted in detriment to any one. We need not determine that, the state board of health having full and adequate jurisdiction over a defendant, the writ of *certiorari* must be applied for within ninety days. The primary question to be determined is whether relator acquired jurisdiction over Dr. Baepler, and that depends upon the notice given him. If the board of health was without jurisdiction to conduct a hearing of the complaint against Dr. Baepler, because of lack of notice to him, then we think that *certiorari* may be maintained, notwithstanding the statute.

"II. Section 7336 provides that, in a proceeding to revoke a physician's license, the notice served on him shall be in writing, and shall contain an exact statement of the charges and the place and date set for the hearing. The statute is to be interpreted as denying the board the right or power to revoke a physician's license, except upon notice and hearing and with an opportunity to defend. [Blunt v. Shepardson, 286 Ill. 84, 121 N. E. 263; People v. McCoy, 125 Ill. 289, 17 N. E. 786; State v. Schultz, 11 Mont. 429, 28 Pac. 643; People v. Reid, 151 App. Div. 324, 136 N. Y. Supp. 428.] The record presented shows nothing more than that Dr. Baepler was notified to appear on March 19, 1925, at nine A. M., to answer the complaint. As the board was busy with other matters, a hearing was not had on said day, and nothing appears to show that he was notified either orally (if that was sufficient) or in writing to appear on any other day, and the record fails to show that he waived notice. Moreover, the board adjourned, reconvened, and met on April 1, 1925, at which time they heard his cause without further notice to him of the hearing. It may be that he might have ascertained by other means the date set for the hearing, but, as the board is an entity, any parol information by a member of the board or by the secretary to him would not have been authentic, for it would not have been a record of the board. Inasmuch as the hearing was not had on the day set, he was entitled to official notice of any other or different setting. It may be that a continuance from March 19, 1925, to a day certain for the hearing would have been sufficient, but, as such a state of facts was not shown, we are not concerned with the question. We are inclined to think that, if defendant had appeared and defended without objection, he would have waived notice and

estopped himself. But he knew nothing about the date of the hearing on April 1, 1925, and we do not think he was charged with the duty of ascertaining the date. It was said on this subject in Fay v. Supreme Tent, 38 Misc. Rep. 427, 77 N. Y. Supp. 994, l. c. 996: 'While he might have ascertained by other means where that hearing was to be held, and at what time in July it was to be held, it was not a notice such as justice and fair dealing require.' On the facts developed, Dr. Baepler was deprived of his rights and of an opportunity to defend. While the board had jurisdiction of the subject-matter, it did not have jurisdiction over his person, for he was not notified of the date of the hearing within the meaning of the statute.

"III. If the board had obtained jurisdiction over the person of Dr. Baepler as well as jurisdiction over the subject-matter, then the limitation of ninety days in which to apply for *certiorari* under the statute may have been applicable, although it is not necessary to decide the question. But as the board did not have jurisdiction over his person and was thus without power to revoke his license, especially as no rights of others intervened, the long delay in applying for the writ of *certiorari* was immaterial. [Boston & Albany Railroad Co. v. Commissioners of Hampden County, 116 Mass. 73.]

"The preliminary rule is quashed, and the writ denied."

II. At the hearing of this cause by the circuit court, Baepler was permitted, over the objection of appellants, to give oral testimony in support of the allegations contained in his application for a writ of *certiorari*. Among other things, he testified that he had no notice of the hearing by the board on April 1, 1925, or that the board would have a hearing on the complaint against him on any day other than March 19, 1925, the day originally set for such hearing; and that he first learned of the revocation of his license in July, 1929. After the admission of this testimony, appellants asked and were refused permission to show by the testimony of one Joseph G. Williams that he appeared before the board as Baepler's attorney on March 19, 1925, and on April 1, 1925, when the complaint against Baepler was heard by the board; that he was notified by the board of the revocation of Baepler's license; and that immediately thereafter he notified Baepler of such action of the board.

Appellants complain of the rulings of the circuit court in both of these particulars, contending first that no oral testimony was admissible at the hearing before that court, and contending further that, after the admission of Baepler's testimony, the testimony offered in contradiction thereof should have been admitted.

Appellants are right in the contention that no oral testimony was admissible in the circuit court, as Baepler was entitled, on the writ

of *certiorari* issued by that court, only to a review of the board's proceedings and a determination of the legality of said proceedings. However, the facts shown by the record of the board's proceedings are amply sufficient to sustain the judgment of the circuit court. So, the admission of Baepler's testimony, though improper, furnishes no ground for a reversal of the judgment.

It follows that the judgment of the circuit court should be affirmed. It is so ordered. All concur.