Vernon WOODRUFF, Plaintiff-Appellant,

v.

TOURVILLE QUARRY, INC., and Continental Casualty Company, Defendants,

Continental Casualty Company, Defendant-Respondent.

No. 31680.

St. Louis Court of Appeals.
Missouri.

July 21, 1964.

Gragg, Aubuchon & Walsh, St. Louis, and Irving L. Cooper, Clayton, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, John S. Marsalek, St. Louis, for defendant-respondent.

BRADY, Commissioner.

In a workmen's compensation action the referee awarded the plaintiff, hereinafter referred to as the "employee," the sum of $3,181.75. This award remained unpaid and the employee filed an action against both defendants "pursuant to Section 287.500," RSMo 1959, for judgment on that award. The circuit court affirmed the award as to Tourville Quarry, Inc., hereinafter referred to as the "employer," but found in favor of the respondent, hereinafter referred to as "Continental." The employee appeals from the trial court's action with regard to Continental. We will refer to the Division of Workmen's Compensation as the "division" and the Industrial Commission of this state as the "commission."

At the hearing before the circuit court the parties jointly introduced the complete record of the workmen's compensation proceedings. From that record and from the hearing in the circuit court the following facts appear.

On May 12, 1961, the employee filed a claim in the Division of Workmen's Compensation seeking compensation for an accidental injury sustained on August 20, 1960. He filed the claim against Tourville Quarry, Inc. and Russ Tourville. A copy of the claim was mailed to Continental at its office in St. Louis, Missouri. Keathley, a member of the Missouri Bar employed by Continental as supervisor of workmen's compensation claims, received this copy together with a letter requesting an answer. The copy received by Keathley at Item 4 reads as follows: "4. Names and addresses of all insurers: ————"; that is, none were shown. Keathley returned the copy of the claim to the division together with a letter stating that Continental had not carried this coverage since April 1, 1960 and requesting that the division, "Please acknowledge receipt of this letter, so that we will know your records have been corrected that we are not the insurer." The letter also shows on its face that a copy was sent to the employee's attorneys. On May 19 Continental, appearing specially and solely for the purpose of raising the issue that it was not the insurer, filed an answer denying that it was the workmen's compensation insurer for Mr. Tourville or for Tourville Quarry on August 20, 1960, the date of the employee's injury. Three days later the division wrote the employer and Mr. Tourville personally and requested that they furnish " * *. * ; the name and address of your workmen's compensation insurance carrier as of the date of injury * * *."

Shortly thereafter the division wrote a letter requesting a reply to its earlier letter. No reply to either communication appears in this record.

On June 8 an answer to the employee's claim was filed. The answer states that the "Employer and insurer deny each and every allegation contained therein." This answer was filed on a printed form. Lines 24 and 25 of that form request the name of the "Employer and/or Insurer's Attorney" and his address. The name of Harry J. Nichols appears typewritten therein with the address of 111 South Meramec, Clayton 5, Missouri. Line 20 of that form requests the employer's signature and typed therein are the words "Tourville Quarry, Incorporated by Harry J. Nichols." Mr. Nichols' signature appears above his typewritten name. At line 22 the insurer's signature is requested, and in handwriting on that line appears the words "Cont. Cas. Co. by Harry J. Nichols." On June 16 Nichols wrote Continental a letter in which he stated that he had answered the claim for his clients, Russ Tourville and Tourville Quarry, Inc. He enclosed a copy of the answer he had filed. In this copy the space provided for the signature of the insurer and the insurer's attorney was left blank. The employee requested a prehearing conference and on the notice of such a conference Continental again appears as the insurer. On the date set for that hearing the minutes of that division show the following notation: "7/27/61. Mr. Cooper and cl. in person. Mr. Nichols appears for employer only in spite of his signature for insurer on answer of 6/9/61."

Under date of December 1, 1961 the division issued a new notice of a hearing to be held on Friday, December 22, in St. Louis. This notice again named Continental as insurer. By letter of December 5 respondent again advised the division that it was not the employer's insurer on the date of the alleged accident and had not been since April 1, 1960 and requested the division correct its records. A copy of this letter was sent to the employee's attorneys. On December 8 a notice of the cancellation of this hearing was issued by the division stating "Insurer: Unknown (Copy to: Continental Casualty Company)."

The division then issued a new notice of hearing to be held on January 18, 1962, at the St. Louis offices of the division. In this notice the only reference to an insurer was "Insurer: Unknown." Continental's name does not anywhere appear on that notice. The minutes of that hearing show that the employee appeared with his attorney and that at that hearing Nichols, by leave, formally withdrew as attorney for employer and appeared only for Russ Tourville and Tourville Quarry, Inc. A question having arisen as to the venue in St. Louis City, the hearing was ordered to be reset at Union, Missouri, and the division issued a notice that the claim was reset for hearing on April 5, 1962 at Union, Missouri. Opposite the word "insurer" on this notice appears the word "unknown." At no place thereon does Continental's name appear nor the name of any attorney for it. The division's minute for this date shows: "4/5/62. Employee by Irving Cooper. Employer (individually) John Waller. Insurer—no appearance." The affidavit of Spencer H. Givens, director, Division of Workmen's Compensation, was obtained in lieu of his deposition and was introduced in the trial court without objection. Mr. Givens stated that all notices of hearings were issued by the home office of the division in Jefferson City and that carbon copies were mailed only to the parties and attorneys named in the notice. He further stated that in the notices of hearing in this case dated December 22, 1961 and March 22, 1962 the word "unknown" appeared after the word "insurer" and that no copies of the notices of hearings for either date were mailed to respondent by the division.

A paper identified as the division's revised form A–25 bearing the number and style of the claim and printed questions designed to elicit admissions and denials is in evidence. Among the questions addressed to employee the following appears: (Words

emphasized are in handwriting.) "1. Is it admitted that on or about 8/20/60 *No* Russ Tourville and/or Tourville Quarry, Inc. was an employer operating under the provisions of the Missouri Workmen's Compensation Law? *Yes.* That their liability under said Law was fully insured by *None —None.*" The division's file also includes a paper containing Continental's name in the caption, and showing the following information: Policy number, AR4334621; policy period, from 4/5/59 to 4/5/60; insured, Tourville Quarry, Inc.; address, Sullivan, Missouri; branch, St. Louis Branch, assigned risk.

On June 25, 1962, the referee made an award in favor of the employee and against Tourville Quarry, Inc. as employer and also against Continental as insurer. This award was based upon the hearing of April 5, 1962. A copy of the award was mailed to Continental with a letter advising that if an application for review was not made to the commission within ten days, the award would become final, and no appeal would lie thereafter. This letter also contained the statement, "Any mistakes should be called to our attention at once." When the award was received by Continental, both Keathley and Cleveland, the St. Louis manager of its office, were away on vacation. Notice of the award was received by a Miss Bagley, a secretary in the office who wrote to the division over Cleveland's signature four days after receiving notice of the award to the employee. The letter contained the statement that the award must have been sent to Continental by mistake because Continental had theretofore advised the division that it had not been the insurer since April 1, 1960 and returned the award to the commission with the request that it be sent to the employer's Workmen's Compensation carrier.

Upon Keathley's return he wrote to the division requesting that the division send its file to Continental's St. Louis office. Examination of this file in July, 1962, afforded Continental its first knowledge that it had been named in the employee's claim as the insurer. Keathley again wrote to the division calling attention to the fact that on two separate notices for hearings during the progress of this case the insurer was stated to be "unknown"; that Continental had not been listed as an addressee as to either of the last two notices of hearing and had not been notified of the setting of hearings on those dates. He requested that the award be set aside as against Continental or that a hearing be held and Continental given an opportunity to prove that it was not the compensation carrier for Tourville Quarry, Inc. upon the date of this accident. The counsel for the commission wrote to Keathley stating that it was his opinion that the commission could not comply with his request as it was without jurisdiction, more than ten days having elapsed after the award was entered.

The substance of the pleadings filed by the employee in the circuit court is that the award on hearing was final, conclusive, and "res adjudicata"; that the referee had jurisdiction over Continental; that the award was valid against Continental; and that Continental was estopped, precluded and barred from challenging the validity of the award inasmuch as it had failed to avail itself of its statutory right to renew and appeal. The contention advanced by Continental in its pleadings was that the award was void because of lack of jurisdiction over Continental arising from the fact that Continental had no notice of the hearing. The only other pertinent matter contained in the pleadings arises from the allegations found in Continental's amended answer. Therein Continental alleged that its policy had expired some five months prior to the employee's injury, and that Continental's name was affixed to the answer filed before the division by Attorney Nichols without Continental's knowledge or authority. The employee did not deny either of these allegations in his reply. Proceedings of this character are of a civil nature and are governed by the rules of civil procedure. Rule 41.02, V.A.M.R. The effect of the employee's failure to deny the

**18**

allegations contained in Continental's amended answer and specifically referred to above was that these facts are to be deemed admitted. Rule 55.11, V.A.M.R.

We are of the opinion that the award to the employee was void. Appellant refers to those provisions of § 287.300, RSMo 1959, V.A.M.S. which provide that service on the employer should be sufficient to give the commission jurisdiction over the persons of both the employer and his insurer and the appearance of the employer shall constitute the appearance of his insurer. However, the employee overlooks the proviso also contained in that same section of our statutes that " * * * after appearance by an insurer, such insurer shall be entitled to notice of all proceedings hereunder." § 287.450, supra, requires the commission to notify interested parties of the time and place of hearings. § 287.520, supra, provides that any notice required by the Workmen's Compensation Law shall be deemed to be properly given and served when sent by registered mail. Continental, appearing specially for that purpose alone, had filed an answer denying it was the insurer of the employers on the date of the accident. It is obvious that Continental was necessarily interested in the outcome of the claim. It follows that a notice of the hearing of April 5, 1962 was an indispensable requisite to the rendition of any award against Continental. The record of the division which was introduced as an exhibit by both parties to this action shows on its face that no notice was given Continental of this hearing. The notice of the hearing issued by the division stated that the insurer was unknown. Moreover, the affidavit of Mr. Givens, director of the division, expressly stated that no notice was mailed to Continental. The rule is that where notice is jurisdictional, and it is in the instant case, it must affirmatively appear of record, unless waived, or the proceedings are void. State ex rel. St. Louis Die Casting Corp. v. Morris, 358 Mo. 1170, 219 S.W.2d 359, l. c. 363. See also State ex rel. Baepler v. State Board of Health of Missouri, 330 Mo. 1200, 52 S.W.2d 743; Farmers Drainage District of Ray County v. Sinclair Refining Co., Mo., 255 S.W.2d 745; State ex rel. Davidson v. Caldwell, 310 Mo. 397, 276 S.W. 631.

The above evidence appears from the face of the record. To the same effect is the evidence dehors the record which was admitted without objection: i. e., Mr. Givens' affidavit. Quoting from Freeman on Judgments, 5th Ed., Vol. 1, Sec. 375a, p. 788, this court held, in Griggs v. Venerable Sister Mary Help of Christians, Mo. App,. 238 S.W.2d 8, 14, that if the parties admit or stipulate, or fail to object to the evidence of, facts showing lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law. It follows that the affidavit of Mr. Givens is properly for consideration and that such evidence also constitutes proof that Continental was never given the notice required by our statutes in order to confer jurisdiction upon the division.

The employee cannot contend that the division gained jurisdiction by virtue of Nichols' action in filing a purported answer for Continental. The fact that Continental's name had been subscribed to the answer filed by Mr. Nichols without its knowledge or authority was admitted by failure of the appellant's reply to deny respondent's allegation on the subject. Moreover, the minute entry of July 27, 1961, shows Nichols' lack of authority to represent Continental. While it was shown without dispute that the answer filed by Nichols was unauthorized so far as respondent is concerned, even if the facts were otherwise, the result would be the same, since the division failed to notify either respondent, Nichols or Keathley, of the hearing upon which the award was based in violation of § 287.300, supra.

Since the award is void, it is unenforceable in this or any other proceeding.

Dewey v. Union Electric Light & Power Co., Mo.App., 83 S.W.2d 203; see also La Presto v. La Presto, Mo., 285 S.W.2d 568, 1. c. 570, where it is said that "* * * a judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts. * * *" In the more recent case of Hughes v. Neely, Mo., 332 S.W.2d 1, actions were brought in a circuit court to cancel two unappealed judgments which had been rendered by that court thirty years before. The grounds advanced was that the judgments were invalid on the face of the record. The Supreme Court there said at 1. c. 11, "* * * A judgment void on the face of the record 'may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. * * * It has no legal or binding force or efficacy for any purpose or at any place. * * * It may be attacked by a person adversely affected by it, in any proceeding, direct or collateral and at any time. * * * [T]he situation is the same as it would be if there were no judgment.' * * *"

█ The employee contends that a valid award of compensation unappealed has the same force and effect as the judgment of the circuit court. This is true but by the same token such an award has no more force and effect than such a judgment would have. When, as is true in the instant case, it appears from the face of the record and other properly admissible evidence that the award was rendered without jurisdiction and is void, then it may be impeached at any time in any proceeding and the situation is as if the award never existed. Hughes v. Neely, supra.

The employee contends that Continental is precluded or estopped from attacking the award because it failed to file a timely application for review or to appeal. We cannot agree. That certainly would be the case if the award had been validly rendered; that is, made upon prior notice to Continental upon the hearing of April 5, 1962. But as held herein this award was rendered without jurisdiction and was void. If that is so, then no amount of procedure undertaken after the rendition of the award can render that award valid or enforceable. Farmers Drainage District v. Sinclair Refining Co., supra. We have herein held that the division violated the statutes under which it must operate by rendering an award against Continental without giving Continental any notice or opportunity to be heard. That being the case it would be manifestly unjust to hold that since Continental was later notified that it had been wronged and failed to appeal, it is now prevented from asserting the wrong done to it.

█ The employee then seeks to erect an estoppel against Continental on the theory that employee continued with prosecution of his claim after Nichols had filed an answer in which he had, without authority, filed on behalf of Continental on the belief that the employer was insured by Continental. The facts do not support any such theory. The appellant was fully advised from the beginning that Continental contended that its policy had expired prior to the employee's injury. He proceeded after receiving copies of notices of hearings issued after the Nichols' answer had been filed and which showed that the insurer was "unknown." There is no evidence in this record from which it can be reasonably said that the employee would not have prosecuted his claim against his employer regardless of whether his employer was insured. In addition, the theory of estoppel is not supported by the law. The employee cannot by waiver or estoppel create a contract of insurance between Continental and the employer which policy covered the employee's injury. Blew v. Conner, Mo., 328 S.W.2d 626 at 631.

The judgment of the circuit court should be affirmed. The Commissioner so recommends.

**20**

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, P. J., not participating.