**John SIMS, Respondent,**

v.

**BESTWAY CLEANING COMPANY,
d/b/a Bestway Steam Cleaning
Company, Appellant.**

**No. 49723.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 1985.

Lawrence F. Hartstein, Sommer & Hartstein, St. Louis, for appellant.

Kimyard H. Tucker, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Bestway Cleaning Company, d/b/a Bestway Steam Cleaning Company, appeals from an adverse decision by the Labor and Industrial Relations Commission affirming an award of workers' compensation based on a default judgment. We affirm.

At issue in this case is a claim for workers' compensation filed by John Sims on October 6, 1983, which allegedly arose from injuries sustained on March 7, 1983. Bestway, by its attorney, promptly filed its answer denying all of the allegations of the

claim. Although neither the claim nor the answer mentioned any insurer, on October 25, 1983, the Aetna Casualty and Surety Company filed an answer denying that it was the insurer of Bestway on March 7, 1983. On July 2, 1984, Bestway's attorney withdrew. An amended claim was filed by Sims on July 6, 1984, and answered by Bestway, pro se, on August 20, 1984. The matter was set for hearing on November 20, 1984. On that date, Sims and his attorney appeared but no one appeared on behalf of Bestway. The administrative law judge heard evidence and entered an award in favor of Sims and against Bestway. Notice of the award was mailed to Bestway which, in due time, filed its application for review alleging that it failed to receive notice of the hearing. The Labor and Industrial Relations Commission affirmed, incorporating in its final award allowing compensation the findings of the administrative law judge. Among these findings was that the employer, Bestway, "was on certified notice of this hearing setting." On appeal to this court Bestway contends this finding is unsupported by substantial evidence and, in the absence of affirmative proof of notice to the employer, the Commission was without jurisdiction to enter an award.

■ Section 287.450, RSMo.1978, requires that notice of hearings be given to all interested parties. Section 287.520, RSMo.1978 provides that notice shall be deemed to have been properly given when sent by registered or certified mail properly stamped and addressed. Failure to give such notice is jurisdictional. *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d 14, 18 (Mo.App.1964).

■ Our review is of the findings of the Commission, not the administrative law judge, and is limited to a determination of whether or not these findings are supported by substantial and competent evidence as viewed in the light most favorable to the award. *Page v. Green*, 686 S.W.2d 528, 530 (Mo.App.1985). The only finding challenged on this appeal is that Bestway was given notice of the hearing by certified mail. This challenge is based upon Best-

way's contention that the file of the Division of Workers' Compensation pertaining to this case does not contain any evidence of such notice. Thus, Bestway argues, since the notice does not "affirmatively appear of record" the rule enunciated in *Woodruff* renders the proceedings void. Because of the circumstances of this case, we disagree.

Thorough examination of the record reveals that Sims filed two claims against Bestway. The instant case related to an accident on March 7, 1983 in which he sustained facial injuries. This claim was numbered in the Division as 83–42768. On July 11, 1983, Sims sustained a back injury for which he claimed compensation from Bestway. This claim was numbered 83–42769. The later injury claim was defended by Aetna Casualty and Surety Company, whose denial of coverage of the earlier injury claim was apparently undisputed. Both claims were set for hearing on November 20, 1984 at 9 a.m. before the same administrative law judge. On September 28, 1984, a single notice, referring to both claim numbers, was sent by the Division to Sims, his attorney, Bestway and Aetna. This notice is stamped "notice of this hearing is being sent to the employer by certified mail and he is advised that unless he appears at said hearing ready for trial a default judgment may be entered."

In its brief, Bestway argues that because no copy of this notice was in file no. 83–42768, there is nothing in the record to support the finding of the administrative law judge that certified notice was sent to Bestway.

This contention, that an administrative law judge does not have before him the notice of two hearings on two claims set simultaneously because the document is in one file but not the other, borders upon sheer sophistry. Nevertheless, the contention is irrelevant. Our review is of the findings of the Commission, not the administrative law judge. *Alexander v. Pin Oaks Nursing Home*, 625 S.W.2d 192, 193 (Mo.App.1981). A copy of the notice was filed before the Commission by Sims in

response to Bestway's allegation in its application for review. The record on appeal consists of "all documents and papers on file [with the Commission] in the matter, together with a transcript of the evidence, the findings and award...." § 287.495.1, RSMo.Cum.Supp.1984; *Parker v. City of Kirkwood*, 605 S.W.2d 210, 212 (Mo.App. 1980).

The copy of the notice of hearing, showing it was sent to Bestway by certified mail, supports the finding of the Commission to that effect. Bestway's mere allegation that it did not receive the notice, which does not prove itself and which is totally unsupported by evidence, is irrelevant: evidence of the sending of the notice, not its receipt, is all the statute requires. § 287.-520, RSMo.1978.

The judgment of the Industrial and Labor Relations Commission is affirmed.

SMITH and SNYDER, JJ., concur.