STATE of Missouri, Respondent,

v.

Spencer D. COFFMAN, Appellant.

No. WD 33165.

Missouri Court of Appeals, Western District.

Jan. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 1, 1983.

---

F. Randall Waltz, III, Barton & Waltz, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Spencer Coffman was found guilty of selling marijuana and was sentenced to five years imprisonment. Because Coffman had waived a jury trial, the verdict and sentence were rendered by the trial court. On this appeal, Coffman contends that the court erred in failing to reopen the case to allow the introduction of newly discovered evidence, in denying his application for writ of error coram nobis, and in failing to find that Coffman had been entrapped. Affirmed.

Glenn Beazley testified that he was an undercover agent employed by the Jefferson City police department. Beazley said that he had first met Coffman about two weeks prior to the sale in question. Beazley testified that on May 9, 1980, the day prior to the sale, he asked Coffman if he knew where Beazley could find some "smokes," meaning marijuana. He stated that Coffman told him he had bought a pound of marijuana and would have some of it the following day.

On the next day, May 10, 1980, Beazley saw Coffman at a bar, and Coffman informed him that he had the marijuana. They left the bar and drove in separate cars to a shopping center parking lot. There, Beazley joined Coffman in his car, and Coffman took a brown grocery sack from the back seat and placed it on the front seat. Beazley stated that in the sack there were about fifteen plastic sandwich type bags which each contained a green plant like substance. Coffman told Beazley to pick out the bag he wanted. Beazley did so and paid Coffman forty dollars for it.

Coffman testified that he sold about an ounce of marijuana to Beazley in the shopping center parking lot. Coffman admitted that he frequently smoked marijuana, and further admitted that he and his friends pooled their money to buy substantial quantities of marijuana and then distributed the marijuana among the members of the pool.

He said that at times he was the one who obtained the marijuana and then delivered it to each member of the pool.

At the conclusion of all the evidence, Coffman moved for a judgment of acquittal on grounds of insufficient evidence and the failure to show an absence of entrapment. The court overruled this motion on February 11, 1981, finding that there was sufficient evidence to prove beyond a reasonable doubt that Coffman had sold the marijuana, and that there was no evidence of entrapment.

Coffman requested that a pre-sentence investigation be made, and the court ordered one. On April 13, 1981, the pre-sentence report was filed. In this report, the state probation and parole officer stated that Beazley told him that he had attempted to buy marijuana from Coffman on several occasions prior to the actual sale, but that Coffman had always sold his supply before Beazley contacted him. On May 18, 1981, Coffman filed a motion to vacate and set aside the conviction based upon newly discovered evidence. The motion was based entirely upon the one statement in the pre-sentence report that Beazley had tried to buy marijuana from Coffman on several prior occasions. On August 21, 1981, the court overruled that motion. One month later, the court sentenced Coffman to five years.

■ No new trial motion was filed, but under Rule 29.11(e)(2)(A), none was required. The motion to vacate, however, was filed well after the fifteen days within which Coffman had to file a motion for a new trial. In *State v. Turnbough*, 604 S.W.2d 742, 745[5, 6] (Mo.App.1980), the court held that a motion to reopen a case on the grounds of newly discovered evidence is subject to the time limits established for the filing of a new trial motion. Even though Coffman's motion was untimely, under Rule 29.13(b) the court, with the consent of the defendant, could have ordered a new trial on its own initative before judgment was entered and a sentence was imposed. In *State v. Harris*, 428 S.W.2d 497, 500[1] (Mo.1968), the court stated:

It would be patently unjust for a trial judge to refuse to grant a new trial in any case in which an accused was found guilty of a crime on the basis of false testimony, and the court "if satisfied that perjury had been committed and that an improper verdict or finding was thereby occasioned," *Donati v. Gualdoni*, 358 Mo. 667, 216 S.W.2d 519, 521, would be under a duty to grant a new trial. That is to say "[w]here it appears from competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony accused would not have been convicted, a new trial will be granted."

Thus, if the court had believed that Beazley had committed perjury and that without the perjured testimony Coffman would not have been convicted, a new trial could have been granted, with Coffman's consent, prior to the sentencing on September 21, 1981.

However, the record indicates that there was insufficient evidence to demonstrate either that perjury had been committed by Beazley, or that Coffman would not have been convicted without the use of the alleged perjured testimony. Since Coffman admitted to making the sale to Beazley, to using marijuana, and to obtaining marijuana for his friends who pooled their money in order to buy marijuana, the inconsistency which Coffman raises could not be said to have been the foundation of his conviction.

■ The general rule is that in order to obtain a new trial on the basis of newly discovered evidence, the evidence must be so material that it would probably produce a different result on a new trial. *State v. Taylor*, 589 S.W.2d 302, 305[7] (Mo. banc 1979). Since the evidence at issue in this case does not meet that criteria, this ground for Coffman's appeal must be dismissed.

Coffman next contends that the statement attributed to Beazley in the pre-sentence report demonstrates the existence of entrapment, and he claims that even without such evidence, there was evidence that Beazley entrapped Coffman. Coffman's testimony conflicted with Beazley's testimo-

ny regarding various facts relating to the existence of entrapment, such as the length of their relationship and the number of times that Beazley had asked to purchase marijuana from Coffman. However, Coffman's testimony does not establish that there was an entrapment.

Rule 27.01 states that in cases where a defendant waives a trial by jury and the case is submitted to the court, the court's "findings shall have the force and effect of a verdict of the jury." Thus, judge tried cases are subject to the rule applied in jury tried cases that on appeal, the State's evidence is accepted as true together with all reasonable inferences drawn therefrom, and all evidence and inferences to the contrary are disregarded. *State v. Ludwig,* 609 S.W.2d 417, 417–18 (Mo.1980). This means that the testimony given by Coffman which he contends establishes entrapment must be disregarded on this appeal.

The only fact which Coffman contends demonstrates the existence of entrapment and which Beazley admitted to in the course of his testimony is that Beazley asked Coffman if he knew where he could obtain some "smokes." The defense of entrapment is codified in § 562.066 RSMo 1978, which provides:

> An "entrapment" is perpetrated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct.

The statute requires proof of both an inducement to engage in unlawful conduct and an absence of a willingness to engage in such conduct. Even assuming that there was an inducement, without actually deciding as such, there was no proof that Coffman was unwilling to make the sale. Coffman's prior possession of marijuana is evidence of his pre-disposition to sell marijuana. *State v. Hyde,* 532 S.W.2d 212, 215 (Mo.App.1975), as is the fact that Coffman obtained drugs for his friends through a pool. Thus, in light of Coffman's pre-disposition, the elements of entrapment under § 562.066 were not present in this case.

In an attempt to have the court consider the alleged inconsistency in Beazley's testimony deriving from his statement to the probation and parole officer, Coffman filed an application for a writ of coram nobis. Coffman's application was denied by the court prior to his sentencing. Coffman contends that this was the only method by which he could bring the inconsistency to the court's attention. It is well settled that the writ of coram nobis is appropriate only to attack the validity of a sentence which has already been served. *Arnold v. State,* 552 S.W.2d 286, 290–91[1] (Mo.App.1977). Because at the time that he filed his writ of coram nobis Coffman had not even been sentenced, much less had an opportunity to serve the sentence, the writ was inappropriate in this case.

The judgment is affirmed.

All concur.