**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael Eugene MOONEY,
Defendant-Appellant.**

**No. 41254.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 21, 1984.

---

1. § 565.023.2 RSMo Cum.Supp.1983.

Timothy A. Braun, Public Defender, St. Charles, for defendant-appellant.

William J. Hannah, Pros. Atty., Kent Fanning, Asst. Pros. Atty., St. Charles, Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Michael Mooney, hereinafter appellant, was convicted of Molestation of a minor in violation of § 563.160 RSMo 1969 in the Circuit Court of St. Charles County and sentenced to a term of four years imprisonment.[1] He contends that his conviction should be reversed or remanded for a new

trial. As grounds for his request he contends the trial court erred (1) in overruling his objection to the prosecutor's personalizing the jury during voir dire examination, (2) in sustaining the state's objections to defendant's effort to recall a defense witness and permit her to testify concerning the victim's visit to her place of employment after she had testified in the case where he threatened her and did some damage to the premises.

Appellant does not challenge the sufficiency of the evidence to support the jury verdict; therefore a short statement of the facts supporting the verdict will be sufficient. According to the state's evidence, S.W., the victim, a 15 year old boy, was, at approximately 9:30 p.m. on June 19, 1978, molested by appellant. The scene of the molestation was in the rear of a building housing a Seven-Eleven Store on Briscoe Street in O'Fallon, Missouri.

The only witness who testified to the facts of the molestation was the minor, S.W., and his testimony was the only evidence to support the conviction. From the record it is clear S.W. is a troubled youth. In a pre-trial hearing on his competency to testify he admitted that he had been committed to St. Vincent's Hospital, a "mental health hospital" located in St. Louis County, Missouri, sometime in 1977 because his "mom" thought he was "getting in trouble a lot so she thought she would send him there for a while." He was committed to the hospital for "two or three months." He was under the care of a psychiatrist and was given some medication, but was no longer taking it on the date of the alleged molestation. He had also gone to the Juvenile Court at the time and was under supervision "in relation to that trouble."

At the pre-trial hearing S.W.'s mother also testified on the competency issue. She corroborated the fact that her son had been committed to St. Vincent's Hospital for a three month period between February and May in 1977, and that he was under the supervision of the Juvenile Court during

1. Appellant had been charged with the crimes of Armed Criminal Action and Kidnapping, but

was acquitted by the jury on both of these charges.

this period. He used to lie to her but in the last year and a half he had not lied to her so far as she was able to ascertain. After he underwent psychiatric treatment he had not lied to her.

On July 12, 1979, more than six months after the time for the filing of a motion for new trial and the hearing on same, S.W. told Pamela Cook, one of appellant's alibi witnesses, that his testimony at the trial of appellant was false, and that he had made up the story. Ms. Cook taped this conversation and delivered it to appellant's counsel. On January 21, 1980, appellant's counsel filed in this court a Motion to Supplement the Record on Appeal pursuant to Rule 78.05 showing newly discovered evidence of appellant's innocence, viz., "a tape of the complaining witness saying that he had lied under oath at the defendant's trial and had made up his testimony at trial." On February 5, 1980, this motion was denied.

On November 23, 1982, appellant filed a motion, pursuant to Rule 29.11(f) or 78.05 and 20.04(a), to file as appellant's Exhibits A, B, C, and D [2] as newly discovered evidence not available to appellant prior to the time for the trial court's ruling on motion for new trial to assist this court in resolving the issue of the complaining witness's recantation of his testimony at trial. This motion was ordered to be taken with the case.

The parties have ably briefed the question whether this court may consider this "newly discovered evidence." Appellant contends that the refusal of this court to consider these exhibits would deny him, (1) due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri State Constitution, (2) his right to justice without delay and (3) a remedy for every injury under Article I, Section 14 of the Missouri State Constitution because he did not become aware of the complaining witness's recantation until more than six months after the date for the filing of a motion for new trial, and, under the Missouri judicial system, has no other effective remedy. He further contends that the failure of this court to consider these exhibits would deny him equal protection under the law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri State Constitution because Rule 29.11(f) establishes two classes of post-trial defendants and constitutes a discrimination against those defendants who discover new evidence which could lead to a retrial or acquittal after trial but prior to the time within which they may file a motion for new trial, and those who discover this new evidence after trial and after the time allowed for the filing of the motion for new trial.

The state responds that we are precluded from considering this alleged recantation of the prosecuting witness's trial testimony because it is not a part of the record of the proceedings in the trial court, it consists of hearsay assertions surreptitiously transcribed by an interested party, and the state cannot verify the truth of the statements contained on the tape. It further argues that there is no merit in appellant's contention that a constitutional question is involved with respect to the availability of a forum to air his claim after the time for filing his motion for new trial based on newly discovered evidence has expired, because there must be some finality of judg-

---

**2.** 1. Appellant's Exhibit A—a tape recording of conversation between S.W. (the complaining witness in this case) and Pamela Cook on July 12, 1979, in which S.W. repudiates his trial testimony as a lie.

2. Appellant's Exhibit B.—a typed transcript of Appellant's Exhibit A, the July 12, 1979 conversation between S.W. and Pamela Cook.

3. Appellant's Exhibit C—Pamela Cook's affidavit stating that on July 12, 1979, she talked to the complaining witness S.W., who told her he made up his trial testimony regarding the molestation for which appellant is convicted in this case and that she made a tape recording of that conversation which she gave to the Public Defender's Office.

4. Appellant's Exhibit D—Public Defender Office investigator Ronald Schmitz' affidavit that the voice in the conversation with Pamela Cook on the tape made by Pamela Cook is the voice of S.W., the complaining witness.

ments in criminal cases. The state contends that the only relief available to appellant is to apply to the Governor for a pardon.

Appellant's motion for new trial was filed on December 11, 1978, after the trial court, pursuant to the provisions of Rule 27.20(a),[3] extended the time for filing his motion for new trial for an additional thirty days after the ten day period allowed for the filing of said motion. One of the grounds for which the trial court might grant a new trial was "newly discovered evidence." Rule 27.19(a)(1). However, appellant did not learn of the fact that S.W. had recanted his trial testimony until sometime after July 12, 1979, when the disavowal of his testimony was tape recorded. Appellant had filed his notice of appeal to this court on January 15, 1979, and the trial court had no jurisdiction to entertain any after-trial motions in the cause. *State ex rel. Brooks etc. v. Gaertner*, 639 S.W.2d 848, 850[6] (Mo.App.1982).

Once the time for filing a motion for new trial has expired, our rules, unlike Federal Rule of Criminal Procedure 33, makes no provision for the filing of a motion for new trial based on the grounds of newly discovered evidence. In the federal courts a motion for new trial based on the grounds of newly discovered evidence may be made only before or within two years after final judgment.

The state, in support of its position that appellant's only remedy under these circumstances is an appeal for executive clemency, cites *State v. Johnson*, 286 S.W.2d 787 (Mo.1956), and our research has revealed *State v. Sadowski*, 256 S.W. 753 (Mo.1923) reaching the same conclusion.

In *Johnson* the appellant filed in the Supreme Court an affidavit of one of his co-defendants in the trial court wherein the affidavit stated that he had committed the crime with two accomplises and eliminated the appellant of all participation in the

crime. The court said that it decided the case on appeal solely on the record made in the trial court and upon assignments of error preserved in a motion for new trial and therefore the affidavit would not be regarded; that if such facts as were contained in the affidavit were true, they could only be presented in an application for executive clemency.

In *Sadowski*, the appellant, one month after filing his motion for a new trial filed a statement with an affidavit from one Frances Norvicky, wherein Norvicky claimed that he murdered the man for whose murder the appellant had been convicted. He gave as his reasons for giving the affidavit that he was induced to confess to the murder was to save an innocent man, and to relieve his conscience. The motion for new trial was denied and four days thereafter Sadowski filed a motion in arrest of judgment on the grounds the murder was committed by Norvicky, and that Norvicky was willing to so testify.

The court held: (1) that the affidavit had no place in a notice in arrest of judgment, § 4080 RS 1919; (2) the motion for new trial did not contain any mention of the newly discovered evidence; (3) the trial court could not be convicted of error in refusing to grant him a new trial on account of the newly discovered evidence, and (4) that the appellant might be able to convince the pardoning board that there is merit in his contention, but that the Supreme Court could only consider the question as a court of review, and therefore could not consider it.

In *State v. Worley*, 353 S.W.2d 589 (Mo. 1962), appellant, during the pendency of the case in the appellate court filed a "Motion to File and Admit Exhibit of Evidence." The evidence sought to be filed was affidavits to the effect that Pall Mall cigarettes bearing the identical serial number as those found in defendant's car were purchased from Patterson's Drug Store, in

---

**3.** This rule is the rule in effect in 1978; the substance of this rule is now found in Rule 29.11, which became effective January 1, 1980. According to the Committee Note, in revising

Rule 27.19, there was no intention to eliminate any of the reasons for which new trials have heretofore been granted or to change the law concerning the grounds for granting a new trial.

Spickard, Missouri, in November, 1961. Evidence during the trial was that about 80 cartons of Pall Mall cigarettes had been stolen from a restaurant in Laredo, Missouri on January 17, 1961, and on January 23, 1961, police officers, who were looking for appellant came upon his Studebaker sedan and observed a partially consumed carton of Pall Mall cigarettes bearing the same serial number as those purchased by the owners of the restaurant in Laredo in appellant's car.

The Supreme Court refused to consider the "newly discovered evidence," saying 353 S.W.2d l.c. 596[12]:

> This court cannot consider this so-called additional "evidence." We decide a case on appeal solely upon the assignments preserved in the motion for new trial.

The Supreme Court in *State v. McKinney*, 475 S.W.2d 51 (1971) had before it the question whether it would consider on appeal an affidavit of a third person, one Walter Berry, to the effect that the appellant had nothing to do with the robbery for which appellant had been convicted. Berry was identified as an accomplice of the appellant during trial of the cause. The affidavit came to appellant on October 6, 1970, after his motion for new trial was overruled on May 5, 1970. In refusing appellant's request for a new trial the court said 475 S.W.2d l.c. 54[1]:

> The judgment is of course final, and this court will not consider the grounds for the first time raised here, nor follow the novel suggestions that the case should be remanded for the trial court to consider the same.

This court had before it the question whether the trial court erred in denying a defendant leave to file a second amended motion for new trial in *State v. Turnbough*, 604 S.W.2d 742 (Mo.App.1980). The appellant in that case had been convicted of carrying a concealed weapon, § 564.140 RSMo 1969. He requested and received a thirty-day extension of time beyond the ten day time limitation following verdict for the filing of such motion as authorized by Rule 27.20(a). He timely filed his motion and an amended motion for new trial within the time allotted by the trial court. Eleven days after this forty day period had expired he requested leave to file a second amended motion for new trial which differed from the amended motion only in that he claimed to have discovered crucial new evidence, the identity of the bus driver who witnessed the disturbance. The trial court, *after* a hearing on this motion denied leave to file this second amended motion for new trial for the reason it was not timely.

On appeal from this ruling the appellant argued that if the ground of newly discovered evidence is treated as the other grounds and is ruled to be subject to the same time strictures contained in Rule 27.-20, that remedy would be effectively nullified in most cases. "Defendant appears to be contending that, at least in cases in which a timely motion for new trial on other grounds has been filed a motion based on an allegation of newly discovered evidence may be filed at any time." 604 S.W.2d l.c. 745.

In response to this argument of appellant, we said, id., l.c. 745: "No authority is cited in support of this proposition and we have found none. We find nothing in the plain language of either rule to indicate that the time limit contained in Rule 27.20 is not to apply equally to all the grounds listed in Rule 27.19. Rule 27.20 specifically provided that the trial court was powerless to grant a further extension beyond the 'standard' forty days," and held the trial court properly denied appellant's motion to file his second amended motion for new trial. Stated in more simple terms, *Turnbough* stands for the legal proposition that a motion to reopen a case on the grounds of newly discovered evidence is subject to the same time limits established for the filing of a motion for new trial.

However, even where the time for filing a motion for new trial has expired, there is authority for the trial judge to grant a new trial in any case in which the accused was found guilty of a crime on the basis of false testimony, where the trial court is satisfied that perjury had been committed,

and that an improper verdict or finding was occasioned thereby. In *State v. Coffman*, 647 S.W.2d 849 (Mo.App.1983) the appellant, in a court tried case, had not filed a motion for new trial [4] but, rather, filed a motion to vacate well after the fifteen days within which he could have filed a motion for new trial. The court in *Coffman* said that even though Coffman's motion was untimely, under Rule 29.13(b)—the same as Rule 27.19(b) in the 1978 Rules of Criminal Procedure—the court, with the consent of the defendant, could have ordered a new trial on its own initiative before judgment was entered and a sentence was imposed. The court relied on *State v. Harris*, 428 S.W.2d 497, 500[1] (Mo.1968) wherein it is said:

> It would be patently unjust for a trial judge to refuse to grant a new trial in any case in which an accused was found guilty of a crime on the basis of false testimony, and the court "if satisfied that perjury had been committed and that an improper verdict or finding was thereby occasioned," * * * would be under a duty to grant a new trial. That is to say "[w]here it appears from competent and satisfying evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony accused would not have been convicted, a new trial will be granted."

In *Donati v. Gualdoni*, 358 Mo. 667, 216 S.W.2d 519, 521 (1949) the court said:

> No verdict and resultant judgment, in any case, could be said to be just if the result of false testimony. The trial court had the duty to grant a new trial if satisfied that perjury has been committed and that an improper verdict or finding was thereby occasioned.

We believe this case can be distinguished from *Johnson, Sadowski, Worley* and *McKinney* on the facts. Here the victim whose testimony was the only evidence to establish the crime of which appellant was convicted has allegedly recanted. If it is "patently unjust" for a trial judge to refuse to grant a new trial in a case where

the finding of guilt was based upon false testimony, is it any less unjust to deprive an appellant of an opportunity to present that issue to the trial court because he did not learn of the fact that the victim's testimony was false until after the time for filing a motion for new trial has expired? He cannot bring it to the trial court's attention by a motion under Rule 27.26 nor writ of error coram nobis. *Beishir v. State*, 480 S.W.2d 883 (Mo.1972); *State v. Cerny*, 365 Mo. 732, 286 S.W.2d 804 (1956); *Hatfield v. State*, 529 S.W.2d 180 (Mo.App.1975). We are of the opinion that in a case of this kind appellant must have some forum in the judicial system to present this issue, particularly where the case is still in the process of appeal.

Our rules of civil procedure make no specific provision for a "Motion to Remand." However there is authority for an appellate court, in a proper case, to grant a motion to remand a case to the trial court to enable an appellant to move for a new trial based on newly discovered evidence, after the taking of an appeal. 5B C.J.S. Appeal and Error § 1836h; *State v. Noriega*, 5 Ariz.App. 572, 429 P.2d 459, 461[2] (1967); *State ex rel. Thompson v. Babcock*, 145 Mont. 592, 403 P.2d 605[1] (1965); *Weisberg v. Koprowski*, 17 N.J. 362, 111 A.2d 481[1] (1955); *State v. Nicks*, 131 Mont. 567, 312 P.2d 519, 521[2] (1957); *Ketola v. St. Paul City Railway Company*, 245 Minn. 583, 72 N.W.2d 370[2] (1955), and *State v. Fuentes*, 66 N.M. 52, 342 P.2d 1080, 1085[2] (1959).

In the absence of any rule or statute relative to the situation we have in this case, i.e. where the only witness who testified to the essential factual elements of the crime of child molestation has allegedly recanted and knowledge of the witness's recantation did not come to appellant's attention until after appellant was sentenced, and too late to be preserved for appellate review in a timely filed motion for new trial, we are of the opinion that we have the inherent power to prevent miscarriages

---

**4.** Under Rule 29.11(e)(2)(A) none was required.

of justice in a proper case by remanding the case to the trial court with instructions that the appellant be permitted to file a motion for new trial upon the grounds of newly discovered evidence.

We believe this is a "proper case" because the recantation, if such it is, came too late for the defendant to file a timely motion for new trial on the grounds of newly discovered evidence. Although the judgment of the trial court is final for purposes of appellate review, and the trial court is without jurisdiction to entertain appellant's motion because the case is on appeal, we believe upon remand a motion for new trial should be permitted to be filed where the appellate process has not been completed, there is no evidence connecting the appellant with the crime other than the testimony of the victim who has allegedly recanted, and whose testimony is uncorroborated by any other evidence, where said newly discovered evidence did not become available during trial, and the recanting occurred under circumstances reasonably free from suspicion of undue influence or pressure from any source.

We cannot consider the newly discovered evidence in ruling on this appeal at this time because it is not properly a part of the record on appeal. However, we hereby remand the cause to the Circuit Court of St. Charles County for the purpose of permitting appellant to file therein a Motion for New Trial on the grounds that S.W. had recanted, and that without his testimony there is no substantial evidence supporting the verdict, with instructions to the court to pass thereon after hearing the said S.W. in connection therewith. In the interim, all proceedings on this appeal shall be stayed for the time necessary to accomplish these instructions. If a new trial is granted such fact shall be certified to this court and the appeal will be dismissed. If the motion for new trial is denied, the denial may be urged as error on the pending appeal if appellant so desires.

It is so ordered.

PUDLOWSKI, P.J., and SMITH, J., concur.