**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Mark S. HAUCK, Defendant/Appellant.**

**Mark S. HAUCK, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**Nos. 57629, 58536 and 58595.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 26, 1991.

Mary Anderson, Asst. Public Defender, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction by the court of two counts of sale of marijuana, § 195.020, RSMo 1986. He was sentenced as a prior, persistent, and class X offender, § 558.019, RSMo Supp.1990, to serve two five year concurrent prison terms. We affirm.

Although the State's evidence clearly indicated that defendant sold marijuana to undercover officers in an arranged drug sale, defendant claimed the defense of entrapment. During the jury-waived trial, Detective Mike Brown, Officer Scott Gleeson, Lieutenant Greg Zweitel, and forensic scientist Byron Hempson testified for the State. Their testimony indicated that defendant's employer, Dennis Parker, contacted Lieutenant Zweitel and offered to perform a service in exchange for lenient treatment with regard to Parker's pending felony charges. Parker was told that he

might receive suspended sentences on the charges if he pleaded guilty and acted as a confidential informant to identify narcotic sellers. Parker indicated that defendant had marijuana for sale at $250 per quarter pound, and arranged for a sale to undercover Officers Brown and Gleeson. The sale was to take place on May 16, 1988, in a commuter parking lot at Interstate 44 and Highway 141. When the officers arrived, they parked their car within "talking distance" of a car containing defendant and Parker. Parker said "this is the man you want to see," and defendant walked up to the officers' car holding a brown bag. Defendant said he had the "stuff", sat in the back seat, and put a bag of marijuana on the front seat between the officers. The officers examined the contents and asked how much money defendant wanted. Defendant requested and received $250, which he put in his pocket. The defendant then said that if they needed any more they should call Parker because Parker could contact defendant.

The next day, Officer Gleeson contacted Parker and arranged another sale in the same parking lot. Upon arrival, defendant approached the officers' vehicle, said he had the stuff with him and handed it to Officer Gleeson. The officers checked the contents of the package, which was later determined to be marijuana, and gave the defendant $400. The defendant took the money and left with Parker. Defendant turned himself in after learning he had been charged with sale of a controlled substance.

At the close of State's evidence, defendant's attorney requested but did not receive a judgment of acquittal on the ground that defendant had injected the issue of entrapment and that the State had not "carried any burden of refuting it." Defendant then presented evidence of entrapment consisting of his testimony, the testimony of Parker, and the testimony of defendant's friend Walter Vogt. The evidence demonstrated that Parker had "worked on" defendant for three weeks in an effort to set up a sale. Defendant was reluctant to sell marijuana, but was without electricity and in danger of having his

house trailer taken away. Parker shortchanged defendant's paycheck, brought marijuana to defendant's trailer, and then told defendant that if defendant did not sell the marijuana to "these guys" defendant would "lose his job, a place to live, and [Parker would] beat his ass if he didn't go over there." The court rejected defendant's second request for a judgment of acquittal and found defendant guilty.

After trial, defendant filed a *pro se* Rule 29.15 motion in the Circuit Court of St. Louis County, and appointed counsel filed an amended motion. The court denied post-conviction relief without an evidentiary hearing. On its own motion, this court consolidated defendant's direct appeal and defendant's appeal from the Rule 29.15 denial. Since defendant's brief contains no allegations of error relating to the denial of his Rule 29.15 motion, we consider his Rule 29.15 appeal abandoned.

In his sole point of error, defendant contends that:

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND AT THE CLOSE OF ALL THE EVIDENCE BECAUSE APPELLANT ESTABLISHED THROUGH BOTH STATE AND DEFENSE WITNESSES THAT HIS SALES OF MARIJUANA WERE THE RESULT OF ENTRAPMENT IN THAT APPELLANT PRESENTED SUBSTANTIAL AND UNDISPUTED EVIDENCE TO THE TRIAL COURT THAT APPELLANT WAS INDUCED BY A PERSON ACTING IN COOPERATION WITH A LAW ENFORCEMENT OFFICER TO ENGAGE IN CONDUCT IN WHICH HE WAS NOT READY AND WILLING TO ENGAGE.

We examine the evidence and all favorable inferences reasonably arising therefrom in the light most favorable to the verdict. *State v. Willis*, 662 S.W.2d 252 (Mo. banc 1983).

Section 562.066.2, RSMo 1986, which codifies the judicially created doctrine of entrapment, provides that an entrapment is

perpetrated "if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct." Missouri follows the "subjective" test of entrapment which focuses on the "origin of intent" to commit the crime with emphasis on the "predisposition" of the accused. *State v. Willis*, 662 S.W.2d 252, 254 (Mo. banc 1983). Defendant correctly notes in his brief that:

> In *State v. Willis*, 662 S.W.2d 252 (Mo. banc 1983), the Missouri Supreme Court interpreted § 562.066.2 to require proof by the defendant of *"both* inducement to engage in unlawful conduct *and* an absence of a willingness to engage in such conduct." In determining whether entrapment has occurred as a matter of law, Missouri courts focus primarily, as do the United States Supreme Court and Eighth Circuit, on the defendant's "predisposition to commit the offense," and not inducement by law enforcement officials. (citations omitted).

While defendant provided evidence that he was reluctant to engage in the sale of marijuana, he also testified that "[he and his roommate] have a marijuana cigarette occasionally" and admitted that he had previously been convicted of robbing someone of cash and Quaaludes, another controlled substance. During the May 16, 1988, sale he told the officers that if they needed any more they should contact Parker and Parker could contact defendant. Our court has held that prior possession of marijuana by a defendant is evidence of that defendant's predisposition to sell marijuana. *State v. Coffman*, 647 S.W.2d 849, 852 (Mo.App.1983). This evidence is sufficient to show predisposition; therefore, we cannot say that defendant's evidence established entrapment as a matter of law.

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.