STATE of Missouri, Appellant,

v.

Edward T. POST, Respondent.

No. 56802.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 1991.

Arthur S. Margulis, David R. Crosby, Clayton, Mark J. Cero, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey P. Dix and Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

This case is before us by reason of a hearing on newly discovered evidence of juror misconduct. Defendant was convicted of murder in the first degree, and sentenced to life imprisonment without eligibility for parole on June 9, 1989. A timely appeal was filed in this court. On April 11, 1990, while appeal was pending, defendant filed a motion to remand for new trial by reason of newly discovered evidence of juror misconduct. A hearing was held by the trial court pursuant to an order entered by this court on May 10, 1990, sustaining defendant's motion. The trial court was further ordered to enter a ruling on the motion for new trial no later than July 16, 1990. The trial court was also ordered to cause to be filed in this court a transcript of the proceeding. This court acted pursuant to *State v. Davis*, 698 S.W.2d 600, 602 (Mo.App.1985); *State v. Mooney*, 670 S.W.2d 510, 512–516 (Mo.App.1984); and *State v. Hamilton*, 732 S.W.2d 553, 555[2] (Mo.App.1987). The motion for remand was accompanied by several exhibits and affidavits of serious juror misconduct.

The trial court conducted a hearing on the question of juror misconduct on June 18–20, 1990. Pursuant to this court's order, the court entered the following findings of fact and conclusions of law, and granted a new trial. The State appeals this grant. Defendant's initial appeal and the State's appeal have been consolidated.

■ While the jury was sequestered, at least five Deputy Sheriffs not assigned to the case visited the hotel rooms of the deputies assigned to the case, some of them more than once. Evidence was introduced that these unauthorized deputies mingled with some of the sequestered jurors, playing cards, drinking beer in the deputies' rooms, and chatting. At least one unauthorized deputy made comments about the case in front of the jurors.

Further, a St. Louis police officer not assigned to or connected with the case visited her boyfriend, who was a deputy as-

signed to the sequestered jury. She socialized with the jury, and ate dinner with them on one occasion. She was dressed in her police uniform on at least one visit.

Further misconduct occurred when an alternate juror and a deputy sheriff not assigned to the jury had a sexual contact in the juror's hotel room. The sheriff flirted with the juror both at the Civil Courts Building and at the hotel. He ultimately telephoned the juror at the hotel and invited himself to her room, where the sexual contact occurred. Additionally, a deputy sheriff who was assigned to the jury boasted to other members of the Sheriff's Office that he was having sex with a member of the jury.

The court concluded that the jury was denied the opportunity and ability to act as a sequestered jury, so that they were distracted from "due and fair consideration of the facts." § 547.020(2), RSMo (1986). It further found that the verdict did not command confidence, and was replete with suspicion of improper bias. The court stated that the juror misconduct occurred to such an extent that the State could not overcome the rebuttable presumption of prejudice. This finding was based on the fact that those who interacted with the jury were "cloaked with the authority of the Court system," the extent and number of the outside contacts, and the types of contacts (casual familiarity, and in at least one instance sexual contact, between jurors and unauthorized personnel).

■ A court must find that the juror misconduct prejudiced the party before it may order a new trial. *State v. Edmondson*, 461 S.W.2d 713, 724[6] (Mo. 1971). However, when the trial court does grant a new trial on discretionary grounds, appellate courts usually defer to the decision. *Yoon v. Consolidated Freightways, Inc.*, 726 S.W.2d 721, 723[4] (Mo. banc 1987).

Defendant has moved to dismiss the State's appeal of the trial court's grant of a new trial. Defendant contends the State may not appeal under alternative theories. Defendant submits that this court may have retained jurisdiction as in *State v. Murray*, 445 S.W.2d 296 (Mo.1969) and has

not yet entered a final, appealable order. Defendant alternatively asserts that if the remand was similar to that in *State v. Mooney*, 670 S.W.2d 510 (Mo.App.1984), this court would only have jurisdiction to review a ruling against the defendant. However, the result is the same, whether we review the findings of fact and conclusions of law made by the trial court pursuant to order of this court, or the granting of a new trial ordered by the trial court. The State's appeal is denied.

The trial court found the juror misconduct was prejudicial from substantial evidence. We find the law enforcement officers' conduct to have been outrageous. No one should be on trial for any crime, much less murder, in such a lackadaisical atmosphere.

Because we remand for a new trial, defendant's appeal of alleged trial errors is moot. We will not speculate that the errors, if any, that may have been made at trial will be repeated. *State v. Jordan*, 627 S.W.2d 290, 295 (Mo. banc 1982).

Remanded for a new trial.

GARY M. GAERTNER, P.J., and CARL R. GAERTNER, J., concur.