Winston PENNINGTON,
Claimant/Respondent,

v.

DECA PROPERTY MANAGEMENT
CO., INC., Employer/Appellant.

No. ED 81354.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2003.

Philip E. Prewitt, St. Louis, MO, for appellant.

James F. Malone, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Deca Property Management Co., Inc. (hereafter Deca) appealed from a decision by the Labor and Industrial Relations Commission (hereafter Commission) awarding claimant, Winston Pennington, workers' compensation benefits. Thereafter, the parties filed a joint motion to remand the case to the Commission. We grant the motion, vacate the decision and remand for further proceedings.

On August 5, 1993, claimant filed a claim for workers' compensation alleging that on June 24, 1992, he was injured in the course and scope of employment. Deca answered and asserted among other things that claimant was not an employee of Deca and that claimant failed to give timely notice of the injury. On the form for the answer to the claim for compensation completed by Deca, the word "NONE" is typed in the space for the name of the insurer.

An administrative law judge (hereafter ALJ) conducted a hearing. Claimant testified that his son-in-law, Robert Norton, called him and stated that he needed "help on a job for Deca." Norton had previously performed work for Deca. The work involved tuckpointing at 3328 Texas Ave, St. Louis, Mo. and began on June 24, 1992, the date of the accident. Norton told claimant that he was dealing with Jerry Skaggs at Deca regarding the job. Norton pointed out a vehicle that drove by the property and had a magnetic sign that said "Deca Management." Norton told claimant that Skaggs was driving the vehicle. Claimant and Norton were on a walk board that was approximately thirty-three to thirty-five feet above the ground and was attached to ladder jacks. The walk board slid off the end of the ladder jacks with one end hitting the ground and the other hitting a fence. Claimant was transported by ambulance to a hospital. Claimant suffered injuries to his back, pelvis, ankles and feet and underwent surgeries for these injuries. Claimant never told Deca about the accident.

Martin Carr, a property manager for Deca in 1992, testified that in 1992, Deca performed property management services for approximately fifty individual buildings. The services provided by Deca included maintenance of the properties. Deca had a contract to manage the property at 3328 Texas. Carr denied knowing claimant, Skaggs or Norton.

The ALJ found that the evidence did not establish that at the time of the accident claimant was an employee of Deca. The Commission reversed the ALJ's decision. The Commission found that claimant was a statutory employee of Deca and that Deca had notice of claimant's injury. The Commission also found that claimant was permanently and totally disabled. The Commission awarded claimant disability benefits and ordered Deca to reimburse claimant for medical expenses. Deca appealed from the Commission's decision.

After filing the notice of appeal, the parties filed a joint motion to remand the case to the Commission. The parties stated that after the Commission issued the award, Deca's counsel received information that Deca had paid its "agent," Deca Construction Co., Inc. (hereafter Deca Construction), for repairs to 3328 Texas on

June 23, 1992, the day prior to claimant suffering his injuries. The parties further stated that at the time of claimant's injuries, Deca's "agent," Deca Construction had workers' compensation insurance. The parties also stated that there was not sufficient competent evidence in the record for this court to determine whether Deca was insured because the insurer was never made a party to the claim. The parties requested that this court remand the case to the Commission to determine whether Deca's "agent" Deca Construction and its insurer should be added as necessary, joint additional parties. Attached to the motion, was a portion of Carr's January 18, 2001 deposition, where he stated that Deca did not have workers' compensation "at the time of the full year of 1992." This court issued an order for the parties to file a memorandum addressing the issue. Claimant filed a memorandum asserting that in January 2003, Deca's counsel provided claimant's counsel for the first time with information that shows that Deca's "partner and agent" Deca Construction had workers' compensation insurance with the Fidelity and Casualty Company of New York. The memorandum sets forth the policy number. Claimant also stated that the insurance policy covered partners of Deca Construction such as Deca and the policy would have provided coverage to claimant's claim.

■ We first address the parties' motion to remand. The Western District considered a case where the claimant requested that the court consider " 'newly discovered evidence' " that had not been presented to the administrative law judge or Commission. *Wilson v. ANR Freight Systems, Inc.,* 892 S.W.2d 658, 662 (Mo. App. W.D.1994). The Commission had found that the claimant was not entitled to workers' compensation for an acute myocardial infarction that he suffered while working. *Id.* at 660. The evidence at issue consisted of two articles, "Triggering of Acute Myocardial Infarction by Heavy Physical Exertion" and "Physical Exertion as a Trigger of Acute Myocardial Infarction," that were published in The New England Journal of Medicine three months after the Commission's decision. *Id.* at 662. In a split decision, the court denied the claimant's request to consider the articles. The majority noted that the general rule is that the presentment of evidence extraneous to a trial court record should not be considered on appeal. *Id.* The majority stated that appellate review of a workers' compensation award is limited to the four grounds specified in section 287.495 RSMo.1986 which states as follows:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*Id.*[1] The majority held that the court's jurisdiction is derived from section 287.495 which does not provide a basis for remand on the basis of newly discovered evidence that is presented in the first instance to

---

1. Section 287.495.1 RSMo.2000 contains identical language.

the appellate court. *Id.* at 663. The majority did recognize that there have been cases where newly discovered evidence had been considered by an appellate court. *Id.* (discussing; *State v. Post*, 804 S.W.2d 862 (Mo.App.1991); *State v. Williams*, 673 S.W.2d 847 (Mo.App.1984); *State v. Mooney*, 670 S.W.2d 510 (Mo.App.1984)). The majority concluded that the extraordinary circumstances present in those cases did not exist for the case being considered. *Id.*[2]

The present case is distinguishable from *Wilson*. In *Wilson*, the newly discovered evidence addressed the Commission's finding as to lack of causation. Here, the issue is whether there was a necessary party, not known at the time of the Commission's award, that was not joined in the action.

Section 287.300 RSMo.2000 sets forth certain provisions that apply to insurers.

This section provides:

If the employer is not insured his liability hereunder shall be primary and direct. If he is insured his liability shall be secondary and indirect, and his insurer shall be primarily and directly liable hereunder to the injured employee, his dependents or other persons entitled to rights hereunder. On the request of the division or the commission and at every hearing the employer shall produce and furnish it with a copy of his policy of insurance, and on demand the employer shall furnish the injured employee, or his dependents, with the correct name and address of his insurer, and his fail-

ure to do so shall be prima facie evidence of his failure to insure, but the presumption shall be conclusively rebutted by an entry of appearance of his insurer. Both the employer and his insurer shall be parties to all agreements or awards of compensation, but the same shall not be enforceable against the employer, except on motion and proof of default by the insurer. Service on the employer shall be sufficient to give the division or the commission jurisdiction over the person of both the employer and his insurer, and the appearance of the employer in any proceeding shall also constitute the appearance of his insurer, provided that after appearance by an insurer, the insurer shall be entitled to notice of all proceedings hereunder.

The necessity of an insurer to be a party to the action is reflected in section 287.300. This necessity supports remand here even though the insurer was not identified until after the Commission's award. Under section 287.300, the insurer is primarily liable to an injured employee. Further, the statute requires that both the employer and its insurer shall be parties to all awards. The statute also requires that after an appearance by an insurer, the insurer is entitled to notice of all proceedings. This court has held that this notice is jurisdictional and unless waived, the proceedings are void. *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d 14, 18 (Mo.App.1964), *overruled on other grounds, Keener v. Black River Electrical Coop.*, 443 S.W.2d 216, 218 (Mo.App.1969).[3]

---

**2.** The dissent concluded that "this court has the inherent, unenumerated power to prevent manifest injustice in an appropriate case by remanding the case to the Commission for consideration of newly discovered evidence presented by a claimant for the first time on appeal." *Id.* at 669. The dissent also stated that there is Missouri precedent for remanding a workers' compensation case to the Com-

mission on the basis of evidence presented for the first time on appeal. *Id.* (discussing *Mitchell v. Knutson*, 234 Mo.App. 832, 137 S.W.2d 648 (1940)). *Id.*

**3.** In *Woodruff*, the insurance company, after receiving notice of the claim, appeared solely for the purpose of denying it was the insurer at the time of the claimant's accident. *Wood-*

■ Remand in this case is also supported by the rules of civil procedure. We note that generally, the rules of civil procedure are not applicable in workers' compensation actions unless a statute implicates the application of a specific rule. *Marston v. Juvenile Justice Center*, 88 S.W.3d 534, 536 n. 2 (Mo.App. W.D.2002). But despite the civil rules not being applicable, the rationale for many of the rules exist. *Nichols v. Mama Stuffeati's*, 965 S.W.2d 171, 176 (Mo.App. W.D.1997). An objection regarding the failure to join an indispensable party is jurisdictional and may be raised for the first time on appeal. Rule 55.27(g)(2); *Heitz v. Kunkel*, 879 S.W.2d 770, 772 (Mo.App.S.D.1994). Permitting this issue to be raised for the first time on appeal demonstrates the importance of indispensable parties to litigation and supports remand in the present case.

Given the provisions of section 287.300 and the importance generally of joining indispensable parties, the parties' joint motion to remand is granted. The Commission's decision is vacated and the cause is ordered remanded for a determination regarding whether there was an insurer, to grant leave to name the insurer, if found, as a party and to thereafter proceed in accordance with Chapter 287.[4]

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.

---

*ruff,* 381 S.W.2d at 15–16. The insurance company did not receive notice of hearings and this court held that the award against the employer and insurance company was void. *Id.* at 18.

4. We render no opinion regarding Deca's claims of error raised on appeal.