Bennie L. BENTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62499.

Missouri Court of Appeals,
Western District.

March 23, 2004.

Susan L. Hoga, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Patrick T. Morgan, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, C.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

**Order Granting Appellant's Motion for Remand & Denying Respondent's Motion to Strike One of Appellant's Documents Attached to Appellant's Appendix**

ROBERT G. ULRICH, Judge.

Bennie L. Benton appeals the dismissal with prejudice without evidentiary hearing of his Rule 24.035 motion for postconviction relief for failure to timely file the motion. After filing his appeal, Mr. Benton filed, with this court, a Motion for Remand to the Motion Court For Further Proceedings on the Issue of Timeliness on August 7, 2003. Mr. Benton's motion is granted. His sole point on appeal, that the trial court erred in dismissing his motion as untimely, is not addressed in this opinion. Because the issue on appeal is not addressed, the State's Motion to Strike One of the Documents Attached to Appellant's Appendix, filed with this court on September 15, 2003, is denied.[1] The motion court's dismissal is vacated, and the case is remanded for the motion court to hold a hearing on Mr. Benton's claim that he timely submitted his *pro se* Rule 24.035 motion for postconviction relief.

**Factual and Procedural History**

Mr. Benton pleaded guilty on June 11, 2001, to one count of robbery in the first degree, section 569.020, RSMo 2000, and one count of armed criminal action, section 571.015, RSMo 2000, in case number CR2000–06727 and to one count of trafficking in the second degree, section 195.223, RSMo 2000, in case number CR2000–06235. The trial court sentenced Mr. Benton on July 23, 2001, to concurrent terms of fourteen years imprisonment for robbery, twenty years imprisonment for armed criminal action, and ten years imprisonment for trafficking. Mr. Benton

was delivered to the Missouri Department of Corrections on July 26, 2001.

Mr. Benton claims that he sent a *pro se* motion to vacate the judgment pursuant to Rule 24.035 to the Sixteenth Circuit Court Administrator at the Jackson County Courthouse, in August or September 2001. Approximately nine months after he claims that he sent the motion, around April 17, 2002, Mr. Benton sent a letter to the Circuit Court Administrator stating that he had sent his Rule 24.035 motion in August 2001 and inquiring about the status of his case. The Director of Civil Records, Mary Ann McClure, sent a letter to Mr. Benton on April 18, 2002, informing him that she had searched the court's records and was unable to locate his Rule 24.035 motion. In the letter, Ms. McClure also requested that Mr. Benton provide her with a copy of or the information from the return receipt card that he had received evincing his claimed certified mailing.

Mr. Benton responded to Ms. McClure's request with a letter dated April 23, 2002, in which he provided copies of a certified mail receipt and a copy of his *pro se* Rule 24.035 motion. Mr. Benton's *pro se* Rule 24.035 motion was notarized on September 6, 2001. The receipt indicates that Mr. Benton sent something that cost $4.63 to the Jackson County Courthouse on September 10, 2001. Mr. Benton's *pro se* motion was subsequently stamped as filed by the Jackson County Courthouse on April 25, 2002. Counsel was appointed to represent Mr. Benton and filed an amended motion. The motion court dismissed the motion without a hearing because Mr. Benton's *pro se* motion was untimely filed. Specifically, the motion court found that Mr. Benton's motion was stamped filed on April 25, 2002, over two hundred and seventy three (273) days after he was deliv-

---

1. Both Mr. Benton's and the State's motions were taken with the case.

ered to the Missouri Department of Corrections. Rule 24.035 provides that the postconviction motion must be filed within ninety (90) days of the claimant's delivery to the Missouri Department of Corrections or the right to proceed under the rule is waived. Rule 24.035(b).[2]

Mr. Benton filed a Motion for Reconsideration of the Order Dismissing his motion on January 9, 2003. In the motion, Mr. Benton claimed that a question existed as to whether he timely filed his *pro se* motion. He claimed to have misplaced the green return receipt card indicating that something had been delivered from him to the Jackson County Courthouse in September 2001. Mr. Benton further alleged in his motion that the mailroom at the Crossroads Correctional Center had informed him that it received the return receipt card on September 19, 2001. The motion court overruled Mr. Benton's Motion for Reconsideration. This appeal followed.

Mr. Benton alleges in an affidavit filed with this court that he included his *pro se* Rule 24.035 motion in the certified mailing that he sent to the Jackson County Courthouse in September 2001. He further alleges in his affidavit that his *pro se* motion was, therefore, timely filed. To support his contention, Mr. Benton claims in his affidavit that after filing his notice of appeal, he sent a letter to the Consumer Advocate Office of the United States Postal Service informing it that he had misplaced the return receipt card and requesting that it provide him with a copy.[3] A representative from the Consumer Affairs Office, Rosie Singleton, sent Mr. Benton a

letter requesting that he provide her with the tracking number of the certified mail item. Mr. Benton then sent Ms. Singleton a letter containing the tracking number of the return receipt card. Next, Ms. Singleton sent correspondence to Mr. Benton indicating that the mail that he sent to the Jackson County Courthouse had been delivered. Included within this correspondence was a scanned image of the recipient information showing that Aisha Williams, an employee of the Jackson County Courthouse, signed for the certified mail that Mr. Benton sent to the Jackson County Courthouse on September 13, 2001, at 9:52 a.m. Ms. Singleton also included a computer screen printout indicating that Mr. Benton's certified mail had been delivered on the same date and time. Mr. Benton provided his counsel with a copy of the scanned image shortly thereafter.

■ Mr. Benton's counsel filed a Motion for Remand to the Motion Court for Further Proceedings on the Issue of Timeliness with this court on August 7, 2003. The motion claims that Mr. Benton has found additional information to support his claim that his *pro se* motion was timely filed, namely the correspondence from Ms. Singleton containing a scanned image of the recipient information. This correspondence is not part of the legal file on appeal. Mr. Benton requests this court and the motion court to consider the correspondence in determining whether his *pro se* motion was timely filed. He also included the correspondence as part of the appendix attached to his appellate brief. The State filed a Motion to Strike this document

---

**2.** The 2001 version of Rule 24.035 is cited because Mr. Benton pleaded guilty and was sentenced on July 23, 2001. Rule 24.035(b) was amended in 2002.

**3.** All of the information contained in this order regarding the events that transpired

between the time that Mr. Benton filed his appeal and his Motion for Remand to the Motion Court for Further Proceedings on the Issue of Timeliness with this court are contained in Mr. Benton's affidavit dated December 12, 2003.

from Mr. Benton's appendix with this court on September 15, 2003. In its motion, the State claims that the recipient information document from the United States Postal Service should be struck from Mr. Benton's appendix because it was never presented to the lower court nor included in the record on appeal.

■ Generally, presentment of evidence extraneous to the trial court record should not be considered on appeal. *Pennington v. Deca Prop. Mgmt. Co.*, 109 S.W.3d 235, 237 (Mo.App. E.D.2003); *Wilson v. ANR Freight Systems, Inc.*, 892 S.W.2d 658, 662 (Mo.App. W.D.1994), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). However, an appellate court has the inherent power to prevent miscarriage of justice or manifest injustice by remanding a case to the trial court for consideration of newly discovered evidence presented for the first time on appeal.[4] *State v. Mooney*, 670 S.W.2d 510, 515–16 (Mo.App. E.D.1984). *See also Wilson*, 892 S.W.2d at 669 (Ellis, J., dissenting).

Rule 24.035(b) governs the time limit in which a postconviction relief motion following a guilty plea must be filed and provides, in pertinent part, that "[i]f no appeal of such judgment was taken, the motion shall be filed within ninety (90) days of the date the person is delivered to the custody of the department of corrections." This rule further states that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any

claim that could be raised in a motion filed pursuant to this Rule 24.035." In order for Mr. Benton's *pro se* motion to be timely filed, it must have been filed within ninety (90) days of his delivery to the custody of the department of corrections, or July 26, 2001. Based on the evidence presented, Mr. Benton's mailing appears to have been received by the Jackson County Courthouse on September 13, 2001. Mr. Benton's affidavit supports this contention. If Mr. Benton's *pro se* postconviction relief motion was contained within the certified mailing that he sent to the courthouse, his *pro se* postconviction relief motion was filed within the proper time limit established by Rule 24.035.

■ However, the issue of whether Mr. Benton's Rule 24.035 motion was contained within the certified mailing sent to the Jackson County Court Administrator is a question of fact and an issue for the motion court. Mr. Benton's credibility, should he testify, and the credibility of any other witness' testimony on the issue is also a matter for the motion court. In a postconviction relief proceeding, the credibility of the witnesses is the province of the motion court. *Cross v. State*, 928 S.W.2d 418, 419 (Mo.App. S.D.1996) (citing *State v. Tubbs*, 806 S.W.2d 746, 749 (Mo. App. S.D.1991)). The motion court is free to believe or disbelieve the testimony of any witness, even if uncontradicted. *Hubbard v. State*, 31 S.W.3d 25, 34 (Mo.App. W.D.2000)(citing *Colbert v. State*, 7 S.W.3d 471, 474 (Mo.App. W.D.1999)).

---

**4.** In cases of extraordinary circumstances, appellate courts of this state have remanded the cases to the trial court on the basis of newly discovered evidence presented for the first time on appeal. *See Wilson*, 892 S.W.2d at 663 (discussing three such cases: *State v. Post*, 804 S.W.2d 862 (Mo.App. E.D.1991), *State v. Williams*, 673 S.W.2d 847 (Mo.App.

E.D.1984), and *State v. Mooney*, 670 S.W.2d 510 (Mo.App. E.D.1984)). *See also Pennington*, 109 S.W.3d at 238–39 (where workers' compensation case was remanded to Commission to determine whether there was a necessary party, not known at time of Commission's award, that was not joined in the action).

Mr. Benton's Motion for Remand to the Motion Court for Further Proceedings on the Issue of Timeliness is granted. Mr. Benton's issue on appeal is not addressed. Because the issue on appeal is not addressed, the State's Motion to Strike is denied. The motion court's dismissal of Mr. Benton's postconviction relief motion is vacated, and the case is remanded for the motion court to hold such hearing as it deems appropriate to determine whether Mr. Benton mailed a certified mailing containing his *pro se* Rule 24.035 postconviction relief motion and if so, whether it was received in a timely manner.

ELLIS, C.J. and HARDWICK, J. concur.