**STATE of Missouri, Respondent,**

v.

**Billy COOK, Appellant.**

**No. ED 93066.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 2010.

Leah Garabedian, Susan K. Roach, Clayton, MO, for Appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, James B. Farnsworth, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Billy Cook was convicted by a jury of one count of child molestation in the first degree, Section 566.067, RMSo 2000, two counts of statutory sodomy in the first degree, Section 566.062, RSMo 2000, and one count of statutory sodomy in the second degree, Section 566.064, RSMo 2000, for which he was sentenced to a total of thirty-two years of imprisonment. After the notice of appeal was filed, Cook filed a motion in this court requesting remand to the trial court for the purpose of hearing a motion for new trial based on newly discovered evidence. We remand.

Cook's convictions were based on allegations of molestation of his step-daughter from August of 2001 to September of 2005. At the trial, the State presented testimony from the victim and her father. The only witness who testified to the facts of the molestation was the victim, and her testimony was the only evidence to support the convictions. Cook testified in his own defense and denied the allegations. The jury found Cook guilty of one count of first-degree child molestation, two counts of first-degree statutory sodomy, and one count of second-degree statutory sodomy. The trial court sentenced Cook to fifteen years' imprisonment for the first-degree child molestation count and twenty-five years' imprisonment for each first-degree statutory sodomy count all to run concurrently. The trial court also sentenced Cook to seven years' imprisonment for the second-degree sodomy count to run consecutive with the other sentences.

Cook did not file a motion for new trial. Cook subsequently filed a notice of appeal. While this appeal was pending, Cook filed a motion to remand to the trial court for

the purpose of hearing a motion for new trial based on newly discovered evidence. Cook attached an affidavit of the victim recanting her testimony against Cook.[1] Cook's motion was taken with the case and we now grant his motion in light of the Missouri Supreme Court's recent decision in *State v. Terry*, 304 S.W.3d 105 (Mo. banc 2010) and the decision in *State v. Mooney*, 670 S.W.2d 510, 515–16 (Mo.App. E.D.1984).

■ Cook's motion is not within the time limits for filing a motion for a new trial pursuant to Rule 29.11(b). Missouri statutes and rules do not provide a specific means for a criminal defendant to present claims of newly discovered evidence after the time to file a motion for new trial has expired. *State v. Gray*, 24 S.W.3d 204, 208 (Mo.App. W.D.2000). However, an appellate court has the inherent power to prevent a miscarriage of justice by remanding a case to the trial court for consideration of newly discovered evidence presented for the first time on appeal. *Mooney*, 670 S.W.2d at 515–16; *Terry*, 304 S.W.3d at 109.

■ In a motion for a new trial on the basis of newly discovered evidence, the defendant must show: (1) the facts constituting the newly discovered evidence have come to the defendant's knowledge after the end of the trial; (2) the defendant's lack of prior knowledge is not owing to any want of due diligence on his or her part; (3) the evidence is so material that it is likely to produce a different result at a new trial; and (4) the evidence is neither cumulative only nor merely of an impeaching nature. *Terry*, 304 S.W.3d at 109 (cit-

ing *State v. Whitfield*, 939 S.W.2d 361, 367 (Mo. banc 1997)).

The recent Supreme Court decision in *Terry* is analogous. In *Terry*, the defendant, age seventeen at the time of the alleged offense, was charged with statutory rape. *Terry*, 304 S.W.3d at 106. The victim, age twelve at the time of the alleged offense, testified she and the defendant had consensual sex more than six times during the summer of 2007. *Id.* The victim, who was pregnant at the time of the trial, testified that the defendant was the father because she had not had sex with anyone else during the summer of 2007. *Id.* The defendant denied having sex with the victim. *Id.* at 107. The detective who interviewed the defendant testified the defendant admitted he had consensual sex with the victim and did not use a condom. *Id.* at 107. The detective also testified the defendant said he thought he would not get into trouble because he was only seventeen. *Id.* The defendant denied that he admitted having sex with the victim, but said he "almost had sex with her." *Id.* at 107. The defendant also admitted that he told the detective he thought it was okay to "mess around" with the victim because he was only seventeen. *Id.* The jury found the defendant guilty of statutory rape. *Id.* Between the time of the trial and sentencing, the victim gave birth to the child. *Id.* A subsequent DNA test showed a zero-percent chance that the defendant was the father. *Id.* After receiving the results of the DNA test, the defendant filed a motion to remand due to newly discovered evidence after the time for filing a motion for new trial had expired and the case was pending on appeal. *Id.* The court held the defendant's motion satisfied

---

1. The affidavit, signed by the victim, read as follows:

    I [the victim] am recanting the statement I said about Billy Cook. He did not sexually abuse me in any way. At the time the

statement was made I was angry and upset. I was 15 years old and wanted to punish Billy for reasons I do not remember. I did not understand exactly what was going on. I did this on my own and was not forced.

all the elements to permit remand to file a motion for new trial based on newly discovered evidence. *Id.* at 108.

In its decision, the court in *Terry* reaffirmed the ruling in *Mooney*. In *Mooney*, the defendant was convicted of child molestation where the only witness who testified to the facts of the molestation was the alleged victim. *Mooney*, 670 S.W.2d at 511. The defendant appealed and discovered new evidence during the appeal but after his time to file a motion for a new trial had expired. *Id.* at 512. The new evidence was a taped statement of the alleged victim admitting that his testimony at the trial was false and that he had made up the allegations. *Id.* The court determined this was a proper case for remand and stated:

> we believe upon remand a motion for new trial should be permitted to be filed where the appellate process has not been completed, there is no evidence connecting the appellant with the crime other than the testimony of the victim who has allegedly recanted, and whose testimony is uncorroborated by any other evidence, where said newly discovered evidence did not become available during trial, and the recanting occurred under circumstances reasonably free from suspicion of undue influence or pressure from any source.

*Id.*

■ Under the decisions of *Terry* and *Mooney*, we believe a remand is proper in the present case. Here, as the defendant in *Terry*, Cook has satisfied each of the required elements for a remand to file a motion for a new trial based on newly discovered evidence. Cook did not know of the victim's recantation until approximately seven months after the trial and judgment of conviction. Further, Cook could not have known the victim would recant her allegations. As to the third element, this new evidence, if believed by the trial court, is so material that it would be likely to produce a different result at a new trial. Finally, this new evidence is not cumulative and not merely of an impeaching nature. The evidence of the victim's recantation, if believed, does not "merely" impeach her testimony, but the newly discovered evidence directly refutes the victim's entire trial testimony and would show Cook's conviction was based on false testimony as in *Mooney*. Because Cook has satisfied all the elements, it is appropriate for this court to remand to the trial court to permit Cook to file a motion for new trial based on the newly discovered evidence.

The State argues this case is distinguishable from *Terry* and *Mooney* because the defendants in *Terry* and *Mooney* maintained their innocence throughout the proceedings and Cook made some incriminating statements during the sentencing phase of his trial.[2] We do not believe the State's argument provides a valid distinction that would provide grounds to deny the motion to remand under the circumstances.

Accordingly, Cook's motion is granted. The cause is remanded to the trial court so that Cook may file his motion for new trial based on newly discovered evidence. Upon remand, the trial court shall determine whether the recanting occurred un-

---

**2.** In particular, the State points to the Cook's statement during the sentencing phase, when requesting leniency from the jury in their sentence recommendation, Cook stated, "I didn't take a life. I might have destroyed a life but I didn't take a life." In addition, the State points to Cook's statement at the sentencing hearing where Cook indicated that he did not feel a motion for new trial or a direct appeal was necessary because he "kind of sorta admitted to it during trial."

der circumstances reasonably free from suspicion of undue influence or pressure from any source. *See Mooney,* 670 S.W.2d at 516. In the interim, all proceedings on this appeal shall be stayed. If a new trial is granted such fact shall be certified to this court and the appeal will be dismissed. If the motion for new trial is denied, the denial may be alleged as error in the pending appeal. *See Id.*

Remanded.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.